### N. J. MOSLEY V. THE STATE.

No. 11087.   Delivered November 23, 1927.

1.—**Selling Intoxicating Liquor—Evidence—Withdrawing From Jury— Error in Admission Cured.**

Where evidence of a search of premises supposedly under control of appellant, shortly prior to the sale in question, was admitted, and when it later developed that appellant was in no way connected with the premises searched, the court instructed the jury to that effect, and to not consider the testimony for any purpose, the error in its admission was cured.

2.—**Same—Continued.**

The evidence aside from that of the search being amply sufficient to support the verdict, and appellant having received the minimum punishment, no injury is shown.

Appeal from the District Court of Kaufman County.   Tried below before the Hon. Joel R. Bond, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*G. O. Crisp* of Kaufman, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

CHRISTIAN, JUDGE. — The offense is selling intoxicating liquor, the punishment confinement in the penitentiary for one year.

The facts disclosed by the state's witnesses are substantially as follows: The sheriff furnished Frank Hargrove a marked dollar bill for the purpose of purchasing whiskey from appellant. Hargrove and one Lindsey went to a roadhouse at night and called Mosley. After a few minutes Mosley came out with one Harkey, and Hargrove and his companion asked if they had any whiskey. They answered in the affirmative, and promptly secured two soda pop bottles containing a pint of whiskey and a fruit jar half full of whiskey. Lindsey received the fruit jar of whiskey from appellant's companion and Hargrove received the two soda pop bottles from appellant. Hargrove paid appellant three dollars for the whiskey, the marked dollar bill being included in the payment. The whiskey was delivered by Hargrove and Lindsey to the sheriff. On the same night the sheriff went to the roadhouse and arrested appellant and Clarence Harkey. After reaching the jail the sheriff searched the parties and found in Mosley's possession the marked dollar bill.

Appellant testified, in substance, that he was at the roadhouse on the night of his arrest; that he had never been there before and had stopped there on the occasion of his arrest to pay Emory, the person in charge, some rent that he owed him out of a bale of cotton; that he reached the roadhouse about four o'clock p. m., left in a short while, and returned about sundown; that when he returned Harkey was there, and that shortly after his return Emory asked him to take care of a cold drink stand that he was running in the roadhouse, and that he and Harkey remained there that night, while Emory and his wife were away; that he sold Lindsey and Hargrove some soda pop; that he didn't know anything about any liquor on the place and that he had not sold any whiskey to either Lindsey or Hargrove; that Emory, for whom he was keeping the stand, had run the place about a month.

Appellant brings forward one bill of exception wherein he complains of the action of the trial court in admitting over his objection the testimony of officers to the effect that about a week prior to his arrest they raided the premises where he was charged with making a sale of whiskey, and searched the woods within a radius of one or two hundred yards of the roadhouse and found several hundred bottles of home brew

under a bridge. In qualifying appellant's bill, among other things, the court states:

"Under the well-defined rule of evidence that testimony of the liquor and manufacturing equipment in a case of this kind, found on defendant's premises near the time under investigation, is admissible, the objection was overruled to the evidence complained of, but later in the trial it was conceded by all parties that the defendant and his co-defendant were not occupants of the premises at the time of such search and seizure, the court then sustained the objection and motion of defendant and instructed the jury for the reason that defendant and his co-defendant were not occupants of the premises they should not consider the testimony complained of in this bill of exception for any purpose."

Appellant contends that the withdrawal of the testimony from the consideration of the jury could not cure the error. We are unable to agree with appellant that his bill of exception manifests reversible error. The evidence was amply sufficient to support the verdict of the jury, and appellant received the minimum penalty. Moreover, the qualification of the bill of exception shows that the court instructed the jury not to consider the testimony for the reason that appellant was not an occupant of the premises at the time of the seizure of the home brew.

The judgment is affirmed.                              *Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.