HARLEY MAXWELL HUGHES V. STATE.

No. 24536. December 14, 1949.

*Fryer & Milstead,* El Paso, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

KRUEGER, Judge.

Appellant was convicted for the offense of driving a motor vehicle upon a public highway in El Paso County, Texas, while intoxicated, and his punishment was assessed at a fine of fifty dollars. From this judgment, he has appealed to this court.

He brings forward two complaints, each by a separate bill of exception, in the first of which he complains of the action of the district attorney in the cross examination of appellant by propounding to him the following question: "You have previously been tried for drunk driving?" Counsel for appellant immediately objected, and during the argument which arose he, appellant, answered, "Well, I don't remember." The court sustained the objection and instructed the jury not to consider the same for any purpose whatsoever. Appellant contends, however, that the matter complained of is of such a prejudicial nature that the court could not effectively withdraw it from the minds of the jury and in support of his contention cites us to some authorities which seem to sustain his contention; but, in those cases the accused's punishment exceeded the minimum prescribed by law for said offenses while in the instant case the jury assessed the minimum punishment.

It appears to us that since the court sustained the objection, instructed the jury not to consider the same and the minimum punishment being assessed by the jury, who had sufficient evidence before them to sustain their conclusion of his guilt, it did not prejudice him or his case with the jury. Appellant cites us to the case of Burton v. State, 149 Texas Crim. Rep. 579, 194 S. W. 2d 398, as sustaining his contention. There is this distinction between that and this case—in that case the court overruled the objection and permitted the jury to consider it while in the instant case the court sustained the objection and instructed the jury not to consider it. We therefore overrule his contention. See Brown v. State, 112 Tex. Cr. R. 92, 14 S. W. 2d 63; Mosley v. State, 108 Tex. Cr. R. 157, 300 S. W. 48; Williams v. State, 113 Tex. Cr. R. 219, 18 S. W. 2d 654; Torres v. State, 113 Tex. Cr. R. 1, 18 S. W. 2d 179; Staglik v. State, 111 Tex. Cr. R. 623, 13 S. W. 2d 376; and Cox v. State, 111 Tex. Cr. R. 260, 12 S. W. 2d 586.

By Bill of Exceptions No. 2 he complains of the action of the trial court in declining to sustain his motion to enter a mistrial.

What we have said in disposing of Bill of Exceptions No. 1 disposes of this complaint.

No error of a reversible nature appearing in the record, the judgment of the trial court is affirmed.

Opinion approved by the court.