Grady Lee STARLLING, Appellant,

v.

The STATE of Texas, State.

No. 2–84–259–CR.

Court of Appeals of Texas, Fort Worth.

July 3, 1985.

Lee Ann Dauphinot, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and David L. Richards, Asst., Fort Worth, for appellee.

Before JORDAN, ASHWORTH and HOPKINS, JJ.

## OPINION

ASHWORTH, Justice.

A jury found appellant guilty of the offense of burglary of a habitation, TEX.PENAL CODE ANN. sec. 30.02 (Vernon Supp. 1985), and, after finding he had been convicted of two prior felonies, assessed his punishment at confinement for a period of fifty-five years.

Judgment affirmed.

Appellant's first ground of error contends the court's charge on punishment is fundamentally defective for failure to include a jury instruction which would permit the jury to find appellant guilty of only one enhancement count rather than two. In his second ground of error, appellant contends there is no instruction in the charge which

instructs the jury that it could assess a fine of up to $10,000.00 if neither of the enhancement paragraphs were found to be true.

The court's charge instructed the jury that if they found the appellant had been convicted of the offense of rape and if he had been convicted of the offense of burglary of a private residence at night with intent to commit theft, they could set his confinement for a term of years not less than twenty-five nor more than ninety-nine or life. The jury was further instructed that if they failed to find the appellant had been convicted of the two prior felonies, then the punishment for the offense of burglary of a habitation could be assessed for a term of years not less than five nor more than ninety-nine or life. The jury found that appellant had been convicted of the two prior offenses and assessed his punishment at fifty-five years confinement.

■ We note first that there was no objection to the court's charge. Therefore, we must decide whether the error was so egregious and created such harm that appellant has not had a fair and impartial trial—in short, "egregious harm." *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim.App.1985) (opinion on reh'g); TEX. CODE CRIM.PROC.ANN. art. 36.19 (Vernon 1981). In making this determination, "the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Almanza*, 686 S.W.2d at 171. The purpose of such review is to eliminate the actual, not just theoretical, harm to the accused. *Id.* at 174.

■ We have examined the entire record in this cause with regard to the two alleged grounds of error and find that the instructions complained of in the court's charge did not deprive appellant of a fair and impartial trial. The requirement by the court that the jury was required to find both prior felony convictions rather than just either of them could not work to the detriment of appellant and in fact such requirement worked to his benefit. In the absence of an objection, such requirement has been held not to be erroneous. *Moreno v. State*, 541 S.W.2d 170 (Tex.Crim.App. 1976). There was error in the court's charge in failing to instruct the jury that a fine of $10,000.00 could be assessed in addition to confinement in the event the jury found the appellant guilty only of the offense of burglary without finding he had been convicted of the two prior felonies. However, such error is harmless in this case since the jury found the two prior felony convictions. Appellant's first two grounds of error are overruled.

■ In his third ground of error, appellant contends the court erred in permitting the State to suggest to the jury panel that appellant had previously been convicted of felony offenses. This ground of error pertains to proceedings during the voir dire examination of the jury panel by the State inquiring as to whether the members of the jury panel could consider the full range of punishment in the event of a conviction. We find it appropriate to reproduce in this opinion those portions of the record which are the subject of appellant's third ground of error:

MR. McCRAREY (attorney for State): The punishment for burglary of a habitation is a first-degree felony. Now, in Texas, felonies are divided into three categories, first, second and third degree. First degree being the harshest penalty.

Normally, the penalty for a first-degree felony is a minimum of five years in the penitentiary and a maximum of ninety-nine years or life in the penitentiary and up to a ten-thousand-dollar fine. Is there anyone on the panel who thinks or simply could not give as much as ninety-nine years or life in the penitentiary for the offense of burglary if it was proved? In other words, does anybody think it's absolutely too harsh? Yes, ma'am.

This statement is then followed by several pages of questions, answers, and statements concerning consideration of the full

**50**

range of punishment for the offense of burglary. The record then shows the following concerning enhancement.

MR. McCRAREY: The law in the State of Texas also provides that in a case where a defendant has been previously convicted and sentenced to the penitentiary, the range of punishment—

MR. BALDWIN: I'd like to approach the bench.

[A discussion is held at the bench outside the hearing of the Court Reporter and the prospective jury panel.]

MR. BALDWIN: I'm going to object to this line of questioning.

THE COURT: I'll give you a bill.

MR. McCRAREY: I want to mention again that what we're talking about is not this case. I'm talking in general about the law in the State of Texas. In any case of first-degree felony right now, the law in the State of Texas provides that where a defendant has been previously convicted and sent to the penitentiary the range of punishment is no longer five to ninety-nine years or life in the penitentiary. And if a defendant in any case has been twice convicted and sentenced to the penitentiary, the range of punishment is no longer fifteen to ninety-nine. It is a minimum of twenty-five years in the penitentiary and a maximum of ninety-nine years or life in the penitentiary. Now, do you understand that is what the law is in the State of Texas about prior convictions—yes, sir.

A JUROR: What does the State consider life? Is there a length of time on this or at the end of the person's death—life.

MR. BALDWIN: I request the Court to—

THE COURT: Ladies and gentlement [sic] of the jury, you will take the law as it's being given to you and will be given to you in the charge. And you'll not consider any length of time that anybody will serve in the penitentiary. That's strictly for the Governor of the State of Texas and the Board of Pardons and Paroles to consider. All right.

MR. McCRAREY: So, the top range stays the same. The top range stays at ninety-nine years or life, simultaneous, or whatever you want to call it. The minimum range, if a defendant has been convicted and sent to the penitentiary and it's proven—now, we're still talking about still having to prove that particular defendant or a particular defendant has been to the pen twice. Once that is done, the minimum range changes. So that if a defendant in any case has been sentenced or been to the penitentiary twice—in other words, two prior convictions, the minimum that you can give is twenty-five years. Is there anyone on the jury panel who thinks that twenty-five years is absolutely too much to give for burglary of a habitation under any circumstances? And if a defendant has been shown to have been sent to the penitentiary twice, is there anyone on the jury panel who thinks that ninety-nine years in the penitentiary is too much to give? In other words, could you give fair consideration to the full range of punishment, that being between twenty-five years and ninety-nine years or life in the penitentiary? I'm going to take it by your silence that each and every one of you could give fair consideration to the entire range of punishment, and that if the State proved in a first-degree felony case that a defendant had been sent to the penitentiary twice before, you could give fair consideration to the entire range of that punishment, also.

In examining those portions of the record pertaining to appellant's third ground of error, we note that the State made no reference to appellant himself as having been convicted of previous offenses. The questions as framed by the prosecutor referred to prior convictions of a defendant and not the defendant in this particular case. It would have been possible for the prosecutor to frame his questions in such a manner as to not implicitly advise the jury panel that prior convictions were a factor in setting the range of punishment. For example, the prosecutor could have framed his

questions with the premise that under certain undefined circumstances, certain ranges of punishment would apply. We hold that such a procedure would be preferable to a procedure in which the jury panel is advised that different punishments are required in the event of a prior conviction or convictions. However, in this case the procedure used was not improper under current case law.

In *Daugherty v. State*, 652 S.W.2d 569, 576 (Tex.App.—1983, pet. ref'd), this court held that there was no error in permitting the prosecutor to voir dire the jury on the range of punishment for a second offender because it indirectly informed the jury that appellant was previously convicted. In *Daugherty*, as in the instant case, there was no contention that the enhancement paragraph was read to the jury before the punishment stage of the trial or that the jury was informed that appellant was a second offender.

We also note that *Frausto v. State*, 642 S.W.2d 506, 509 (Tex.Crim.App.1982), provides that a prosecutor may inform the jury panel of the range of punishment applicable if the State were to prove a prior conviction for enhancement purposes, but he may not inform the jury of any of the specific allegations contained in the enhancement paragraph of a particular defendant's indictment. In the instant case the statements and questions by the prosecutor with regard to the range of punishment in the event a defendant was found to have been convicted of a prior offense or offenses did not go to the lengths of questions and statements sanctioned by *Daugherty* and *Frausto*. Appellant's third ground of error is overruled.

Appellant's fourth ground of error alleges error in the denial of appellant's motion to suppress a statement given by him after arrest because that statement was the fruit of an illegal arrest. Appellant's fifth ground of error alleges the court erred in failing to suppress the evidence which was the fruit of an illegal search and seizure. In order to consider appellant's fourth and fifth grounds of error, it is necessary to review the testimony and evidence pertaining to such grounds.

■ Patsy Williams, an officer in the narcotics division of the Fort Worth Police Department, testified that she received a telephone call from a confidential informant advising that Grady Starlling had burglarized a home and had two rifles in the trunk of his car and some jewelry in the front of the car. The informant advised Williams of the present location and description of Starlling's automobile and stated Starlling had a pistol in his right rear pocket. Williams then proceeded in an unmarked car with another officer and observed Starlling's car in the parking lot of a cafe and bar. Williams called for a backup unit to keep Starlling's car under observation while Williams went to obtain a warrant.

The backup unit arrived and while Williams was briefing Officer Paul DesCamps on the situation, a black male, later identified as appellant, came out of the cafe and got into the automobile under observation and proceeded to drive off. The marked police car followed appellant who apparently circled a block and came back and parked in the same parking lot but in a different area. Appellant got out of his car and DesCamps noticed that his right rear pocket was pulled inside out. Fearing that appellant was armed, the officer approached him and his automobile and noticed a portion of a holster protruding from underneath the driver's seat. The holster was found to contain a .38 caliber Derringer. DesCamps then advised appellant he was under arrest. A search of appellant's automobile was then made and a camera, two rifles, a jar of coins and a bank bag containing coins, along with other items, were removed from appellant's car. These items were later identified by William D. Purdue as having been stolen from his home.

Appellant was initially arrested for unlawfully carrying a weapon and five days later was arrested on a warrant charging him with burglary. One day after the burglary arrest, appellant made a statement in

which he admitted that he had participated in the burglary of the Purdue residence although he stated that he had not himself taken any items from the residence.

TEX.CODE CRIM.PROC.ANN. art. 14.-04 (Vernon 1977) provides:

Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused.

It has been held that officers were justified in making an arrest under the authority of art. 14.04 when they have probable cause to believe that the suspect has committed a felony and when the suspect is going from place to place, at a time when the officers do not have time to procure a warrant. *Chamberlain v. State*, 453 S.W.2d 490, 493 (Tex.Crim.App.1970); *Trammell v. State*, 445 S.W.2d 190, 193 (Tex.Crim.App.1969). In the instant case, Williams testified that about the time appellant came out of the cafe, she was leaving to go obtain a warrant for his arrest and was going to leave the uniformed officers on the premises to observe appellant's car and await Williams' return. Williams was justified in relying upon the information supplied to her by the informant, since such informant had provided her with reliable information on five prior occasions. On the occasion in question, the officers had no alternative other than to follow appellant, not knowing where he was going and not knowing that he would proceed outside of their jurisdiction. Under all of these circumstances, we find that the officers were justified in stopping and arresting appellant. Since appellant's arrest was legal, the trial court did not err in denying appellant's motion to suppress his statement. Appellant's fourth ground of error is overruled.

Appellant's fifth ground of error contends the evidence seized from appellant's automobile was the fruit of an illegal search and seizure and therefore, should have been suppressed. We have found that appellant's arrest was legal. It follows that the search of the automobile and the seizure of the items found in such automobile, later identified as having been stolen, were properly admitted into evidence. Appellant's fifth ground of error is overruled.

The judgment is affirmed.