George NEVAREZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–90–127–CR.

Court of Appeals of Texas,
Waco.

May 13, 1992.
Rehearing Denied May 27, 1992.

W.V. Dunnam, Jr., Dunnam & Dunnam, Charles McDonald, Waco, for appellant.

John W. Segrest, Crim. Dist. Atty., Ed Lane, Asst. Dist. Atty., Waco, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

CUMMINGS, Justice.

A jury convicted the appellant, George Nevarez, of possession of less than 28 grams of a controlled substance: methamphetamine [1], enhanced by two felony con-

---

1. *See* TEX.HEALTH & SAFETY CODE ANN. § 481.115 (Vernon 1992).

victions [2], and assessed punishment at life in prison.

█ In points one through eight, Nevarez complains that the court erred in allowing Charles Mott, a Texas Department of Public Safety supervising chemist, to testify from the notes of Deborah Regan, the DPS chemist who performed the lab tests on the contraband but was unavailable on the day of trial. Nevarez objected to Mott's testimony on the grounds that it was hearsay and in violation of his right of confrontation under the Sixth and Fourteenth Amendments to the United States Constitution and article I, section 9, of the Texas Constitution. Mott testified from Regan's lab notes, and the court admitted, over objection, three of Regan's lab reports that identified the contraband as methamphetamine. In *Cole v. State*, No. 1179–87, slip op. at 7 (Tex.Crim.App. Nov. 14, 1990) (rehearing granted), the court held that full-time chemists of the DPS are "law enforcement personnel" within the meaning of rule 803(8)(B) of the Texas Rule of Criminal Evidence.[3] In deciding *Cole*, the court relied on *United States v. Oates*, 560 F.2d 45 (2nd Cir.1977), which involved essentially the same facts as in this case. In *Oates*, the defendant was charged with possession of heroin with intent to distribute. The government was permitted, over objection, to admit into evidence documentary exhibits purported to be the official report and worksheet of the U.S. Customs Service chemist who analyzed the contraband, but, as in this case, the exhibits were admitted through another Customs Service chemist due to the unavailability of the analyzing chemist. The court held that the reports so admitted were not within the exception to the hearsay rule created by Federal Rule of Evidence 803(8). *Oates*, 560 F.2d at 67. The court in *Cole* relied on the reasoning in *Oates* because rule 803(8) of the Texas Rules of Criminal Evidence[4] is almost identical to its federal counterpart. Following the reasoning in *Cole*, we find that the DPS chemist reports and testimony from the absent chemist's notes are not admissible under any exception in rule 803(8). We further find that the evidence is not admissible under rule 803(6) of the Texas Rules of Criminal Evidence as a business record because admission under rule 803(6) would be inconsistent with the intended effect of rule 803(8). *See Cole*, slip op. at 12. Since there was no other evidence that the contraband was methamphetamine, we cannot determine beyond a reasonable doubt that the erroneous admission of this evidence made no contribution to the conviction of Nevarez. *See* Tex. R.App.P. 81(b)(2). Points one through eight are sustained.

█ In points nine and ten, Nevarez claims the court erred in instructing the jury in the punishment charge as to the definition of a deadly weapon and including an issue as to whether he used a deadly weapon. Since the jury answered the issue that Nevarez did not use a deadly weapon, we find the error, if any, was harmless. *Id.*

█ In point eleven, Nevarez complains that the court erred in not giving a limiting instruction in the punishment charge regarding the testimony of Sam Harris, a State rebuttal witness. Harris, who formerly employed Nevarez, testified that Nevarez came to him after being re-

---

**2.** *See* Tex.Penal Code Ann. § 12.42(d) (Vernon Supp.1992).

**3.** Tex.R.Crim.Evid. 803(8)(B).

**4.** Rule 803 provides:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

. . . . .

*Nevarez v. State*

(8) Public records and reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, matters observed by police officers and other law enforcement personnel, or (C) against the state, factual findings resulting from an investigation made pursuant to authority granted by law; unless the sources of information or other circumstances indicate lack of trustworthiness.

Tex.R.Crim.Evid. 803(8).

*Nevarez v. State.*

leased from jail after his arrest for this offense and requested that Harris tell the police a lie about the money found in Nevarez's car when he was arrested. Because there was neither an objection to the testimony at the time it was offered, nor a request for a limiting instruction, nothing has been preserved for review. *See* TEX. R.APP.P. 52. Further, since the matter about the money found in the car had been raised by Nevarez, the testimony was a proper response to his defensive theory. Point eleven is overruled.

In his twelfth point, Nevarez complains that the admission into evidence of State's exhibit 18, a pen packet, was error because it did not show on its face that Nevarez had counsel. There is no merit to this claim, however, because the State introduced into evidence exhibit 21, the docket sheets in the case in question, which reflects that Nevarez had counsel when placed on probation for burglary and later when his probation was revoked. Point twelve is overruled.

In points thirteen and fourteen he complains that the court erred (1) in failing to submit a verdict form authorizing the jury to find "true" or "not true" for each of the alleged prior convictions and, (2) in failing to advise the jury of the punishment range if the jury found "true" as to only one prior conviction. Defense counsel's objections to the failure of the court to include these matters in the charge were overruled. We find it was error for the court to fail to include a separate form for the jury's finding on each of the alleged prior convictions and to properly advise the jury of the range of punishment. The State relies on *Starlling v. State*, 693 S.W.2d 47, 48–49 (Tex.App.—Fort Worth 1985), *rev'd on other grounds*, 719 S.W.2d 309 (Tex.Crim.App.1986), which held it was harmless error, absent an objection, for the court to have only provided one verdict form for both alleged enhancement convictions. Here, however, there was a proper objection, and we cannot determine beyond a reasonable doubt that the failure to include a separate form for each alleged prior conviction made no contribution to the punishment. *See Harris v. State*, 790 S.W.2d 568, 587–88 (Tex.Crim.App.1989). Points thirteen and fourteen are sustained.

In point fifteen, Nevarez claims it was error for the court to exclude tendered testimony of his counsel, W.V. Dunnam, Jr., concerning a possible explanation for why a large amount of cash was found in the car when Nevarez was arrested. The court found the evidence not to be relevant. *See* TEX.R.CRIM.EVID. 401. Whether evidence is relevant to any issue in a case lies within the sound discretion of the trial court. *Williams v. State*, 535 S.W.2d 637, 639–640 (Tex.Crim.App.1976); *Stone v. State*, 574 S.W.2d 85, 89 (Tex. Crim.App. [Panel Op.] 1978). Even if the testimony could have been relevant, the court could have determined that its probative value was outweighed by considerations of needless presentation of cumulative evidence. *See* TEX.R.CRIM.EVID. 403. Point fifteen is overruled.

In points sixteen and seventeen, Nevarez complains that the sentence of life imprisonment for possessing 1.90 grams of methamphetamine, even though enhanced by two prior felony convictions, constitutes cruel and unusual punishment as proscribed by the Eighth Amendment and the due process clause of the Fourteenth Amendment to the United States Constitution. He also complains that the court should have instructed the jury in accordance with the Eighth Amendment that no unusual punishment shall be inflicted. Nevarez relies on *Solem v. Helm*, 463 U.S. 277, 290, 103 S.Ct. 3001, 3009, 77 L.Ed.2d 637 (1983), which states that, although a sentence may be within the range permitted by statute, no penalty is *per se* constitutional. *See* U.S. CONST. amend. VIII.

Nevarez contends that life imprisonment is harsh for a second-degree felony involving illegal drug possession. However, the punishment for this crime was enhanced by a 1967 conviction for rape and a 1978 conviction for murder. Thus, under section 12.42(d) of the Texas Penal Code, the jury was authorized to assess a sentence of between 25 years and 99 years, or life.

The United States Supreme Court held in *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980), that the Texas habitual offender statute does not violate the prohibition against cruel and unusual punishment. Further, the Court of Criminal Appeals has repeatedly held that the Texas habitual offender statute is constitutional. *See Rodriquez v. State*, 614 S.W.2d 448, 450 (Tex.Crim.App. [Panel Op.] 1981); *McCardell v. State*, 557 S.W.2d 289, 291 (Tex.Crim.App.1977); *Shultz v. State*, 510 S.W.2d 940, 944 (Tex.Crim.App.1974). Accordingly, we conclude that Nevarez's sentence does not constitute cruel and unusual punishment. We further find it was not error for the court to refuse to charge the jury concerning cruel and unusual punishment, because state law provides for enhanced punishment. *See* TEX.PENAL CODE ANN. § 12.42(d). Points sixteen and seventeen are overruled.

■ In point eighteen, Nevarez complains that the court erred in overruling his objection to the prosecutor's final argument wherein he stated, "You are looking at a man who for the past 28 years has had a career, a career criminal preying on the people of this community." Nevarez admits he was convicted of burglary in 1962, in addition to the enhancement convictions in 1967 and 1978. He refers us to *Thomas v. State*, 519 S.W.2d 430 (Tex.Crim.App. 1975) and *Turrentine v. State*, 536 S.W.2d 219 (Tex.Crim.App.1976), both of which reversed the conviction because there was no evidence to support the prosecutors' deductions in their summation of the evidence. Here, the evidence was that Nevarez had committed three felonies from 1962 until the time of trial in this case—28 years. We find the argument to be a reasonable deduction from the evidence. *See Green v. State*, 698 S.W.2d 776 (Tex.App.—Fort Worth 1985, pet. ref'd); *Darden v. State*, 629 S.W.2d 46 (Tex.Crim.App. [Panel Op.] 1982). Point eighteen is overruled.

■ In point nineteen, Nevarez complains that the court erred in overruling his objection to the prosecutor's final argument that "He had a 12 year prison sentence, that's why he wasn't in trouble for 12 years, he was locked up." He complains that the statement was outside the record and prejudicial because the jury could have reasoned, in view of the charge on good time, that Nevarez had received no good time and had served his entire calendar sentence by reason of his conduct. Even though the prosecutor was attempting to answer Nevarez's argument that he had not been in trouble in eleven years, it was outside the record and error to argue that he had been "locked up" for twelve years. However, we find the error to be harmless in view of the entire record, especially his convictions for rape and murder. *See Harris*, 790 S.W.2d at 587–88. Point nineteen is overruled.

■ In his twentieth point, Nevarez complains that the court erred in overruling his objection to the prosecutor's statement in voir dire that "Only after a defendant is found guilty in Texas do you get to the punishment phase. And only then do you get to hear defendant's prior criminal record, normally. And only then do you get to reputation." He contends this statement injected his character prior to it being placed in issue and was an unsworn statement of a prior offense. He refers us to *Childress v. State*, 92 Tex.Crim. 215, 241 S.W. 1029 (1922), and *Hughes v. State*, 154 Tex.Crim. 65, 225 S.W.2d 191 (1949), which we believe are distinguishable. In *Childress*, during cross-examination of a defense witness, the prosecutor attempted to place the defendant's reputation for being a law-abiding citizen in evidence prior to the issue having been raised. In *Hughes*, the prosecutor asked the defendant during cross-examination if he had previously been tried for drunk driving. In each case the court found error. This case is distinguishable, however, because the prosecutor was discussing a general principle of law during voir dire as opposed to injecting into evidence a specific character trait or a particular criminal offense as in *Childress* and *Hughes*. During the punishment phase of a trial, a defendant's criminal record, his general reputation, and his character are all in issue. *See* TEX.CODE CRIM.PROC.ANN.

art. 37.07, § 3(a) (Vernon Supp.1992). We overrule point twenty.

▮▮▮▮▮ In points twenty-one through twenty-four, Nevarez complains that it was error for the trial judge not to disqualify himself because he had served as counsel for Nevarez in the rape conviction used for enhancement and had served as counsel for the State in the murder conviction used for enhancement. The fact that a trial judge has personally prosecuted or defended a defendant in past cases does not disqualify him from presiding over a trial where a new offense is charged. *See Hathorne v. State*, 459 S.W.2d 826 (Tex.Crim.App.1970). Further, a trial judge does not commit error if he refuses to disqualify himself despite the fact that he had personally prosecuted the defendant on a prior felony conviction used by the state for enhancement purposes. *See O'Dell v. State*, 651 S.W.2d 48 (Tex.App.—Fort Worth 1983, pet. ref'd). Accordingly, we find that the trial judge's refusal to disqualify himself was not error. Points twenty-one through twenty-four are overruled.

▮▮▮▮▮ Finally, Nevarez argues that without the hearsay testimony of Charles Mott, which was admitted into evidence erroneously, the record is devoid of evidence that the alleged contraband was methamphetamine. He refers us to *Lockhart v. Nelson*, 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988), which holds that an acquittal should be entered if there is insufficient evidence to support the judgment. We find, however, that the reversal in this case is due to trial error in the "incorrect receipt" of evidence, which may be corrected upon a new trial. *See id.*, 109 S.Ct. at 290; *Burks v. United States*, 437 U.S. 1, 15, 98 S.Ct. 2141, 2149, 57 L.Ed.2d 1 (1978). Accordingly, we reverse the judgment and remand for a new trial.