NO. 07-07-0138-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 9, 2008
______________________________

MARK EDWARD HANSON, 

                                                                                                 Appellant

v.

THE STATE OF TEXAS, 

                                                                                                 Appellee
_________________________________

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 17,524-B; HON. JOHN B. BOARD, PRESIDING
_______________________________

Opinion
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          Appellant Mark Edward Hanson was convicted of aggravated assault on a public
servant with a deadly weapon. For that offense, he was sentenced to life imprisonment
and fined $2,000. Appellant contests that conviction in four issues by claiming the trial
court abused its discretion by 1) failing to hold a hearing outside the jury’s presence during
the punishment phase on the relevancy of extraneous offenses, 2) denying his request for
an instruction on the lesser-included offense of aggravated assault, 3) failing to instruct the
jury on the law of capital murder and escape which were extraneous offenses that were
admitted during the punishment phase, and 4) overruling his objection to the use of
demonstrative evidence by the State during voir dire. We affirm the judgment of the trial
court.
          Issue 1 - Evidence on Relevancy of Extraneous Offenses
          During the punishment phase of the trial, the State tendered evidence of appellant’s
commission of bad acts, such as his involvement in a capital murder and related kidnaping. 
Appellant contends that before such evidence could have been admitted, the trial court
was required, under Texas Rule of Evidence 104(b), to conduct a hearing outside the jury’s
presence and determine whether the crimes were committed and whether appellant was
involved in them. We disagree. 
          Rule 104(b) provides that when “the relevancy of evidence depends upon the
fulfillment of a condition of fact, the court shall admit it upon, or subject to the introduction
of evidence sufficient to support a finding of the fulfillment of the condition.” Next, evidence
may be offered at the punishment phase as to any matter the court deems relevant to
sentencing, including evidence of an extraneous crime or bad act that is shown beyond
reasonable doubt to have been committed by the defendant or for which he could be held
criminally responsible regardless of whether he has been previously charged with or finally
convicted of the crime or act. Tex. Code Crim. Proc. Ann. art. 37.07 §3(a)(1) (Vernon
Supp. 2007). And, while the trial court is to make a threshold determination of whether the
jury could rationally find beyond a reasonable doubt that an offense or bad act was
committed, the jury actually decides if the State met its burden of proof. Mitchell v. State,
931 S.W.2d 950, 953-54 (Tex. Crim. App. 1996); Nanez v. State, 179 S.W.3d 149, 151-52
(Tex. App.–Amarillo 2005, no pet.) Moreover, there is no requirement that this threshold
determination be made within the course of a hearing. Welch v. State, 993 S.W.2d 690,
697 (Tex. App.–San Antonio 1999, no pet.) (holding that no hearing was required when the
State made a written proffer of what it intended to prove). 
          Here, the trial court stated that it was “very familiar with the capital murder case
having presided over the preliminary matters in that case” and that, based on the court’s
knowledge, it believed the matter was relevant. We cannot see how the court’s knowledge
of the proposed offense garnered through presiding over hearings involving the proposed
offense differs from obtaining knowledge of the offense through a written proffer like that
in Welch.


 In either situation, the trial court received the data it needed to make its
decision. 
          We further note that the trial court held a hearing outside the presence of the jury
to assess the voluntariness of appellant’s recorded statement given during the capital
murder investigation and which the State proposed to use at bar. As a result of that
hearing, the statement was found to be voluntary. So too did the trial court ultimately
instruct the jury that it could not consider evidence of any other crimes, wrongs, or acts for
any purpose unless it found and believed beyond a reasonable doubt that appellant
participated in or committed them and even then could only consider those matters for
limited purposes. 
          In view of the circumstances before us, we find neither error in nor harm from the
trial court’s conduct and decision. See Mann v. State, 13 S.W.3d 89, 94 (Tex. App.–Austin
2000), aff’d, 58 S.W.3d 132 (Tex. Crim. App. 2001) (stating that the refusal to hold a
hearing was not harmful since the trial court instructed the jury that it could not consider
the evidence unless it found beyond reasonable doubt that appellant participated in the
extraneous offense). The issue is overruled.
          Issue 2 - Instruction on Lesser-Included Offense
          Next, appellant complains of the trial court’s failure to instruct the jury on the
purported lesser-included offense of aggravated assault. We overrule this issue as well.
          Appellant believes he was entitled to such an instruction because the State
purportedly failed to prove he knew that the uniformed jailer he attacked while in jail was
a public official. Assuming this was true, that circumstance would not entitle him to a
lesser-included offense. Indeed, it is well settled that before an accused is entitled to such
an instruction, there must be evidence illustrating that appellant only committed the lesser
offense. Bignall v. State, 887 S.W.2d 21, 22 (Tex. Crim. App. 1994). That is, there must
be evidence of record affirmatively negating the element present in the greater offense but
absent in the lesser. Morris v. State, No. 07-99-0498-CR, 2000 Tex. App. Lexis 7181 at
*5 n.1(Tex. App.–Amarillo October 25, 2000, pet. ref’d) (not designated for publication). 
It is not enough to simply rely on the State’s failure to prove the particular element. Id. So,
since the latter concept formed the basis of his request, the trial court did not err in denying
it. 
          Issue 3 - Jury Instruction on the Elements of Capital Murder and Escape
          In his third issue, appellant contends the trial court should have instructed the jury,
during the punishment phase, about the elements of capital murder and escape so it could
decide whether those offenses had been proven beyond a reasonable doubt.


 We
overrule the issue.
          When an extraneous bad act is admitted for consideration during the punishment
phase, the jury is not required to assess whether a statutory crime occurred; rather, its
obligation is to determine, beyond a reasonable doubt, whether that appellant was involved
in the bad act being offered as evidence. Haley v. State, 173 S.W.3d 510, 514-15 (Tex.
Crim. App. 2005). Accordingly, there is no need to instruct the jury on the elements of the
crime or crimes arising from the extraneous bad act. Klock v. State, 177 S.W.3d 53, 63
(Tex. App.–Houston [1st Dist.] 2005, pet. ref’d); Cate v. State, 124 S.W.3d 922, 933 (Tex.
App.–Amarillo 2004, pet. ref’d). So, the trial court did not err in refusing to instruct the jury
on the crimes of capital murder and escape. 
          Issue 4 - Demonstrative Evidence During Voir Dire
          Finally, appellant complains of the State’s use of particular displays to help voir dire
the jury panel on punishment. The displays were entitled “Range of Punishment” and 
“Repeat or Habitual Offender.” The former described the punishment applicable to the
crime for which appellant was being prosecuted. The latter encompassed the punishment
applicable if one was found guilty of the underlying crime and was also a recidivist felon. 
          Both the prosecution and defense are entitled to question the jury venire about the
law applicable to the enhancement of punishment as long as the explanation is
hypothetical and does not inform the jury of any specific allegation in the enhancement
paragraph of the indictment. Jack v. State, 867 S.W.2d 942, 944 (Tex. App.–Beaumont
1993, no pet.). Furthermore, the legislature entitled the statute defining the law with
respect to enhancing punishment as “Penalties for Repeat and Habitual Felony Offenders.” 
See Tex. Pen. Code Ann. §12.42 (Vernon Supp. 2008). Thus, the prosecution’s exhibit
was simply tracking statutory language. It said nothing about appellant having been
convicted of any prior offense. Nor did it inform the venire members of any particular
allegation in the enhancement paragraph of the indictment. Thus, the prosecutor stayed
within the confines of the law while using the displays. Jack v. State, supra; see Estes v.
State, 873 S.W.2d 771, 773 (Tex. App.–Fort Worth 1994, pet. ref’d) (holding that since the
prosecutor did not portray the accused as an ex-convict, his voir dire was proper). Indeed,
the opinion cited by appellant, Starlling v. State, 693 S.W.2d 47 (Tex. App.–Fort Worth
1985), remanded in part on other grounds, 719 S.W.2d 309 (Tex. Crim. App. 1986), even
found the voir dire appropriate since the prosecutor there made no reference to Starlling
having been previously convicted. Id. at 50-51. So, we overrule the issue.  
          Having overruled all of appellant’s issues, the judgment is affirmed. 
 
                                                                           Brian Quinn 
                                                                          Chief Justice
 
Publish.