NO. 07-07-0138-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 9, 2008

_____

MARK EDWARD HANSON,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 17,524-B; HON. JOHN B. BOARD, PRESIDING

_____

***Opinion***

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Mark Edward Hanson was convicted of aggravated assault on a public servant with a deadly weapon. For that offense, he was sentenced to life imprisonment and fined $2,000. Appellant contests that conviction in four issues by claiming the trial court abused its discretion by 1) failing to hold a hearing outside the jury's presence during the punishment phase on the relevancy of extraneous offenses, 2) denying his request for an instruction on the lesser-included offense of aggravated assault, 3) failing to instruct the

jury on the law of capital murder and escape which were extraneous offenses that were admitted during the punishment phase, and 4) overruling his objection to the use of demonstrative evidence by the State during voir dire. We affirm the judgment of the trial court.

*Issue 1 - Evidence on Relevancy of Extraneous Offenses*

During the punishment phase of the trial, the State tendered evidence of appellant's commission of bad acts, such as his involvement in a capital murder and related kidnaping. Appellant contends that before such evidence could have been admitted, the trial court was required, under Texas Rule of Evidence 104(b), to conduct a hearing outside the jury's presence and determine whether the crimes were committed and whether appellant was involved in them. We disagree.

Rule 104(b) provides that when "the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to the introduction of evidence sufficient to support a finding of the fulfillment of the condition." Next, evidence may be offered at the punishment phase as to any matter the court deems relevant to sentencing, including evidence of an extraneous crime or bad act that is shown beyond reasonable doubt to have been committed by the defendant or for which he could be held criminally responsible regardless of whether he has been previously charged with or finally convicted of the crime or act. TEX. CODE CRIM. PROC. ANN. art. 37.07 §3(a)(1) (Vernon Supp. 2007). And, while the trial court is to make a threshold determination of whether the jury could rationally find beyond a reasonable doubt that an offense or bad act was committed, the jury actually decides if the State met its burden of proof. *Mitchell v. State,* 931 S.W.2d 950, 953-54 (Tex. Crim. App. 1996); *Nanez v. State,* 179 S.W.3d 149, 151-52

2

(Tex. App.–Amarillo 2005, no pet.)  Moreover, there is no requirement that this threshold determination be made within the course of a hearing.  *Welch v. State,* 993 S.W.2d 690, 697 (Tex. App.–San Antonio 1999, no pet.) (holding that no hearing was required when the State made a written proffer of what it intended to prove).

Here, the trial court stated that it was "very familiar with the capital murder case having presided over the preliminary matters in that case" and that, based on the court's knowledge, it believed the matter was relevant.  We cannot see how the court's knowledge of the proposed offense garnered through presiding over hearings involving the proposed offense differs from obtaining knowledge of the offense through a written proffer like that in *Welch.*[1]  In either situation, the trial court received the data it needed to make its decision.

We further note that the trial court held a hearing outside the presence of the jury to assess the voluntariness of appellant's recorded statement given during the capital murder investigation and which the State proposed to use at bar.  As a result of that hearing, the statement was found to be voluntary.  So too did the trial court ultimately instruct the jury that it could not consider evidence of any other crimes, wrongs, or acts for any purpose unless it found and believed beyond a reasonable doubt that appellant participated in or committed them and even then could only consider those matters for limited purposes.

In view of the circumstances before us, we find neither error in nor harm from the trial court's conduct and decision.  *See Mann v. State,* 13 S.W.3d 89, 94 (Tex. App.–Austin

---

[1]This seems especially so when appellant does not suggest that the garnering of the information in the way the trial court did was impermissible or that the information garnered was deficient.

3

2000), *aff'd,* 58 S.W.3d 132 (Tex. Crim. App. 2001) (stating that the refusal to hold a hearing was not harmful since the trial court instructed the jury that it could not consider the evidence unless it found beyond reasonable doubt that appellant participated in the extraneous offense). The issue is overruled.

*Issue 2 - Instruction on Lesser-Included Offense*

Next, appellant complains of the trial court's failure to instruct the jury on the purported lesser-included offense of aggravated assault. We overrule this issue as well.

Appellant believes he was entitled to such an instruction because the State purportedly failed to prove he knew that the uniformed jailer he attacked while in jail was a public official. Assuming this was true, that circumstance would not entitle him to a lesser-included offense. Indeed, it is well settled that before an accused is entitled to such an instruction, there must be evidence illustrating that appellant only committed the lesser offense. *Bignall v. State,* 887 S.W.2d 21, 22 (Tex. Crim. App. 1994). That is, there must be evidence of record affirmatively negating the element present in the greater offense but absent in the lesser. *Morris v. State,* No. 07-99-0498-CR, 2000 Tex. App. LEXIS 7181 at *5 n.1(Tex. App.–Amarillo October 25, 2000, pet. ref'd) (not designated for publication). It is not enough to simply rely on the State's failure to prove the particular element. *Id.* So, since the latter concept formed the basis of his request, the trial court did not err in denying it.

*Issue 3 - Jury Instruction on the Elements of Capital Murder and Escape*

In his third issue, appellant contends the trial court should have instructed the jury, during the punishment phase, about the elements of capital murder and escape so it could

decide whether those offenses had been proven beyond a reasonable doubt.[2] We overrule the issue.

When an extraneous bad act is admitted for consideration during the punishment phase, the jury is not required to assess whether a statutory crime occurred; rather, its obligation is to determine, beyond a reasonable doubt, whether that appellant was involved in the bad act being offered as evidence. *Haley v. State,* 173 S.W.3d 510, 514-15 (Tex. Crim. App. 2005). Accordingly, there is no need to instruct the jury on the elements of the crime or crimes arising from the extraneous bad act. *Klock v. State,* 177 S.W.3d 53, 63 (Tex. App.–Houston [1st Dist.] 2005, pet. ref'd); *Cate v. State*, 124 S.W.3d 922, 933 (Tex. App.–Amarillo 2004, pet. ref'd). So, the trial court did not err in refusing to instruct the jury on the crimes of capital murder and escape.

*Issue 4 - Demonstrative Evidence During Voir Dire*

Finally, appellant complains of the State's use of particular displays to help voir dire the jury panel on punishment. The displays were entitled "Range of Punishment" and "Repeat or Habitual Offender." The former described the punishment applicable to the crime for which appellant was being prosecuted. The latter encompassed the punishment applicable if one was found guilty of the underlying crime and was also a recidivist felon.

Both the prosecution and defense are entitled to question the jury venire about the law applicable to the enhancement of punishment as long as the explanation is hypothetical and does not inform the jury of any specific allegation in the enhancement paragraph of the indictment. *Jack v. State,* 867 S.W.2d 942, 944 (Tex. App.–Beaumont

---

[2]In making his complaint, appellant notes that an instruction was given with respect to the law of parties since there was evidence that appellant's companion committed the murder.

5

1993, no pet.). Furthermore, the legislature entitled the statute defining the law with respect to enhancing punishment as "Penalties for Repeat and Habitual Felony Offenders." *See* TEX. PEN. CODE ANN. §12.42 (Vernon Supp. 2008). Thus, the prosecution's exhibit was simply tracking statutory language. It said nothing about appellant having been convicted of any prior offense. Nor did it inform the venire members of any particular allegation in the enhancement paragraph of the indictment. Thus, the prosecutor stayed within the confines of the law while using the displays. *Jack v. State*, *supra*; *see Estes v. State,* 873 S.W.2d 771, 773 (Tex. App.–Fort Worth 1994, pet. ref'd) (holding that since the prosecutor did not portray the accused as an ex-convict, his voir dire was proper). Indeed, the opinion cited by appellant, *Starlling v. State,* 693 S.W.2d 47 (Tex. App.–Fort Worth 1985), *remanded in part on other grounds,* 719 S.W.2d 309 (Tex. Crim. App. 1986), even found the voir dire appropriate since the prosecutor there made no reference to Starlling having been previously convicted. *Id.* at 50-51. So, we overrule the issue.

Having overruled all of appellant's issues, the judgment is affirmed.


Brian Quinn
Chief Justice


Publish.