NO. 07-09-00382-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 12, 2011

ELIAS VEGA, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2009-422,582; HONORABLE CECIL G. PURYEAR, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Elias Vega, entered an open plea of guilty to charges of possession of a controlled substance with intent to deliver an amount of four to 200 grams of cocaine.[1] A Lubbock County jury assessed a forty-five year sentence and a $10,000.00 fine as punishment. He now appeals, contending that the trial court's refusal to instruct the jury on the elements of an extraneous crime caused him egregious harm. We will affirm.

---

[1] See TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (d) (West 2010).

## Factual and Procedural History

The evidence relating to an extraneous crime or bad act came in the form of testimony from Lisa Hernandez presented during the punishment phase of trial. She testified that, upon her return to the home she and appellant shared with their infant son in August 2008, she noticed that their son was in great distress and bore an injury on his hand that appeared to be a burn injury of some variety. She took the baby to the hospital where the staff treated him for a second-degree burn.

The record contains a great deal of conjecture as to how the baby sustained the burn injury. Appellant, at one point, explained to Hernandez that he fell while holding the baby and that the baby had suffered a carpet burn to his hand as a result of their fall. There was also some suggestion that the burn resulted from scalding water used to wash off the baby's hand after the fall. At any rate, Hernandez was adamant in her opinion that the injury to their son was an accidental rather than intentional one.

Appellant complains that the trial court should have instructed the jury, as he requested, on the elements of the extraneous offense.[2] The jury, instead, was charged as follows with respect to the evidence of extraneous crimes or bad acts:

> You may consider evidence of extraneous crimes or bad acts in assessing punishment even if the defendant has not yet been charged with or finally convicted of the crimes or bad acts. However, you may consider such evidence only if the extraneous crimes or bad acts have been shown by the State beyond a reasonable doubt to have been committed by the

[2] Though not entirely clear from his request or the briefs, there are indications in the record that the parties understood the extraneous offense on which appellant sought a charge was the offense of injury to a child. Further, appellant clarified at oral argument that the extraneous offense on which he sought an instruction was injury to a child.

defendant or are ones for which the defendant could be held criminally responsible.

The prosecution does not have to prove extraneous crimes or bad acts beyond all possible doubt. The prosecution's proof must exclude all 'reasonable doubt' concerning the extraneous crimes or bad acts.

Therefore, if you find and believe beyond a reasonable doubt that the defendant committed extraneous crimes or bad acts or could be held criminally responsible for extraneous crimes or bad acts, then you may consider such evidence in assessing the defendant's punishment. However, if you have a reasonable doubt that the defendant committed extraneous crimes or bad acts or could be held criminally responsible for extraneous crimes or bad acts, then may not consider such evidence in assessing punishment.

Standard of Review

When presented with a jury charge complaint, we review the charge under Almanza v. State, 686 S.W.2d 157, 171 (Tex.Crim.App. 1985) (op. on reh'g). Under Almanza, we must first determine whether error exists in the charge and, if we find error, whether such error caused sufficient harm to compel reversal. See Ngo v State, 175 S.W.3d 738, 743–44 (Tex.Crim.App. 2005).

Analysis

In Cate v. State, this Court rejected a contention similar to appellant's in the instant case. 124 S.W.3d 922, 933 (Tex.App.—Amarillo 2004, pet. ref'd). In Cate, the appellant unsuccessfully sought a jury instruction on the elements of the extraneous offenses admitted during punishment, urging that the jury could only assess whether appellant committed the extraneous offense beyond a reasonable doubt if it were instructed on the elements of the extraneous offenses. Id. We cited article 37.07, which permits the admission of evidence during the punishment phase that the trial

3

court deems relevant. See TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (West Supp. 2010). We noted that article 37.07 included within its scope evidence of extraneous crimes and bad acts "shown beyond a reasonable doubt by evidence to have been committed by the defendant." Cate, 124 S.W.3d at 933. We rejected Cate's proposed reading of article 37.07 that would have required that the jury be instructed on the elements of the extraneous offense. Id. Only then, according to Cate, could the jury determine whether an appellant committed extraneous crimes or bad acts beyond a reasonable doubt. Id. We observed that it is not the jury's role to determine whether a criminal or bad act was committed; that role belongs to the trial court. Id. The jury's duty is to determine whether those criminal or bad acts were committed by the defendant. Id. (citing Fields v. State, 1 S.W.3d 687, 688 (Tex.Crim.App. 1999), and Malpica v. State, 108 S.W.3d 374, 377 (Tex.App.—Tyler 2003, no pet.)). Because the jury does not determine whether the extraneous offenses or bad acts occurred, there was no need to instruct the jury on the elements of the offenses. Id. In the instant case, appellant takes issue with our application of article 37.07 in Cate, contending that such application denies him the statutory right, under article 36.13, to have the jury consider all issues of fact in assessing his punishment. See TEX. CODE CRIM. PROC. ANN. art. 36.13 (West 2007).

We read our application of article 37.07 in Cate as an application consistent with the Texas Court of Criminal Appeals's subsequent opinion in Haley v. State, 173 S.W.3d 510 (Tex.Crim.App. 2005). Haley was convicted by a jury of possession of a controlled substance. See id. at 511. During the trial on punishment, the State introduced evidence of Haley's involvement in a murder. Id. The court reviewed the

4

issue of the admissibility of evidence of Haley's participation in the murder and observed that the intermediate court had concluded that Haley "could only be criminally responsible for [the] murder if the evidence showed beyond a reasonable doubt her guilt as a party to that offense." Id. at 512 (citing Haley v. State, 113 S.W.3d 801, 813 (Tex.App.—Austin 2003)). The intermediate court also had concluded that the evidence was insufficient to establish that Haley was guilty of murder under the law of parties and, therefore, the trial court abused its discretion by admitting evidence of the murder. Id. (citing Haley, 113 S.W.3d at 813). In that same vein, the intermediate court determined that the trial court erred, and caused egregious harm, by failing to instruct the jury on the law of parties. Id. at 512–13.

The Texas Court of Criminal Appeals focused on the admissibility of the evidence issue as it relates to article 37.07, ultimately holding that, because the court of appeals had applied an incorrect theory of the law in arriving at the conclusion that the trial court improperly admitted evidence of the murder, the analysis need not go any further. Nonetheless, the high court's holdings regarding the admissibility issue and article 37.07 are instructive to the jury charge issue in the instant case.

The Texas Court of Criminal Appeals concluded that, "[u]nder [article 37.07, § 3(a)], it is irrelevant whether the conduct the offering party is attempting to prove is, or can be characterized, as an offense under the Texas Penal Code." 173 S.W.3d at 514–15. Further, the court reiterated the distinction we had applied in Cate:

> The statutorily imposed burden of proof beyond a reasonable doubt does not require the offering party to necessarily prove that the act was a criminal act or that the defendant committed a crime. Before the jury can

5

consider this evidence in assessing punishment, it must be satisfied beyond a reasonable doubt that the acts are attributable to the defendant. We interpret the statute to require the burden of proof to be applied to a defendant's involvement in the act itself, instead of the elements of a crime necessary for a finding of guilt.

Haley, 173 S.W.3d at 515 (citing Fields, 1 S.W.3d at 688). The court continued with a direction to remain mindful of the nature of the punishment hearing when addressing similar issues:

> Unlike the guilt-innocence phase, the question at punishment is not whether the defendant has committed a crime, but instead what sentence should be assessed. Whereas the guilt-innocence stage requires the jury to find the defendant guilty beyond a reasonable doubt of each element of the offense, the punishment phase requires the jury only find that these prior acts are attributable to the defendant beyond a reasonable doubt.

Id. at 515.

Indeed, this Court relied on Haley to conclude that "[w]hen an extraneous bad act is admitted for consideration during the punishment phase, the jury is not required to assess whether a statutory crime occurred."[3] Hanson v. State, 269 S.W.3d 130, 133 (Tex.App.—Amarillo 2008, no pet.). Rather, the jury's "obligation is to determine, beyond a reasonable doubt, whether that appellant was involved in the bad act being offered as evidence." Id. at 133–34 (citing Haley, 173 S.W.3d at 514–15). We then expressly agreed with a sister court that there was "no need to instruct the jury on the

---

[3] To the extent appellant has invited us to depart from Haley's holdings that "extraneous offenses" and "bad acts" are not to be treated separately, we respectfully decline. See Haley, 173 S.W.3d at 514–15; see also Sierra v. State, 157 S.W.3d 52, 60 (Tex.App.—Fort Worth 2004), aff'd, 218 S.W.3d 85 (Tex.Crim.App. 2007) (noting that an intermediate appellate court "is bound by the precedent of the Texas Court of Criminal Appeals and has no authority to disregard or overrule" it).

elements of the crime or crimes arising from the extraneous bad act." Id. at 134 (citing

Klock v. State, 177 S.W.3d 53, 63 (Tex.App.—Houston [1st Dist.] 2005, pet. ref'd)).

Based on the reasoning in Haley, we do not depart from the position we took in

Cate and Hanson that the trial court need not instruct the jury on elements of

extraneous crimes or bad acts admitted during the trial on punishment. [4]  Accordingly,

we overrule appellant's sole point of error.

---

[4]Appellant relies on language from our opinion in Nanez:

> [T]he trial court is the sole authority on the threshold issue of admissibility of relevant evidence, while the jury determines whether or not the burden of proof for the extraneous offenses presented has been satisfied.  Stated differently, the trial court is not charged with determining whether the State has proven the extraneous offenses beyond a reasonable doubt.  The jury as 'the exclusive judge of the facts' is to determine whether the burden of proof has been met before considering evidence concerning extraneous offenses and should be so instructed when requested.

Nanez v. State, 179 S.W.3d 149, 151–52 (Tex.App.—Amarillo 2005, no pet.) (citations omitted).  So, in isolation, this passage could be read to support appellant's position. However, such isolation ignores the conclusions that followed:

> [T]he trial court made a determination outside the presence of the jury that the extraneous offense evidence was relevant, and the jury was properly instructed that it could only consider the testimony if it found beyond a reasonable doubt that appellant committed such acts.

Id. at 152.  In the instant case, as in Nanez, the jury was charged on its duty regarding the evidence of extraneous crimes or bad acts in a manner consistent with the principles outlined in Mitchell v. State, 931 S.W.2d 950 (Tex.Crim.App. 1996) (en banc).

7

Conclusion

Having overruled appellant's sole point of error, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Do not publish.