

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00021-CR

DAVION DEMON CALLOWAY                              APPELLANT
A/K/A DAVION CALLOWAY

V.

THE STATE OF TEXAS                                         STATE

----------

## FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

In one point, appellant Davion Demon Calloway a/k/a Davion Calloway appeals his conviction for aggravated robbery, which is a first-degree felony.[2] We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 29.03(a)(2), (b) (Vernon 2003).

## Background Facts[3]

A grand jury indicted appellant for aggravated robbery; the indictment alleged that he used or exhibited a deadly weapon while committing theft. Appellant entered an open guilty plea, waived constitutional and statutory rights, entered a judicial confession, and elected the jury to assess his punishment.[4]

During the trial on punishment, the State presented testimony from several witnesses about extraneous bad acts that the State contended appellant had been involved with. Specifically, the witnesses discussed an October 2008 shooting and a summer 2009 threat of a detention officer while appellant was incarcerated. Appellant stipulated that he had been previously convicted of theft and assault by contact, and the State presented evidence about the facts of the theft.

Appellant testified about the aggravated robbery in this case and his previous convictions. Although he admitted being present at the October 2008 shooting, he denied participating in it, and he also denied threatening the detention officer. Appellant also called character witnesses, including a pastor and his aunt.

[3]Because appellant's sole complaint on appeal concerns alleged jury charge error, we will provide only a brief summary of the facts relevant to this appeal.

[4]Appellant repeated his guilty plea in the jury's presence. His aggravated robbery concerned a September 2008 incident at a Dollar Tree store in which he approached an employee with a gun and took the store's money and the employee's cell phone.

After both parties rested and presented closing arguments, the jury convicted appellant and assessed his punishment at forty years' confinement, and the trial court sentenced him to the same. Appellant filed notice of this appeal.

**Jury Charge Instruction**

In his only point, appellant contends that the trial court erred by excluding his requested jury instruction about "the burden of proof and the law of parties . . . as to the extraneous offense evidence offered at trial." Specifically, he argues that the "trial court reversibly erred and abused its discretion in denying [his] requested jury charge as to applying reasonable doubt to the extraneous offense evidence before the jury."

Appellate review of error in a jury charge involves a two-step process. *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994); *see also Sakil v. State*, 287 S.W.3d 23, 25–26 (Tex. Crim. App. 2009). Initially, we must determine whether error occurred; if so, we must then evaluate whether sufficient harm resulted from the error to require reversal. *Abdnor*, 871 S.W.2d at 731–32.

For a jury to consider a defendant's extraneous offenses and bad acts that are presented during the punishment phase of a trial, such acts must be proved beyond a reasonable doubt. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 2010); *Moore v. State*, 165 S.W.3d 118, 123 (Tex. App.—Fort Worth 2005, no pet.). Thus, when evidence of extraneous offenses or bad acts is admitted at punishment, a trial court must give a beyond-a-

reasonable-doubt instruction in the jury charge. *Moore*, 165 S.W.3d at 123–24 (citing *Huizar v. State*, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000)); *see Allen v. State*, 47 S.W.3d 47, 49–50 (Tex. App.—Fort Worth 2001, pet. ref'd).

The trial court's charge included the following language:

> You may consider evidence of an extraneous crime or bad act in assessing punishment even if the Defendant has not yet been charged with or finally convicted of the crime or act. However, you may consider such evidence only if the extraneous crime or bad act has been shown by the State beyond a reasonable doubt to have been attributable to the Defendant or is one for which the Defendant could be held criminally responsible.
>
> The prosecution does not have to prove an extraneous crime or bad act beyond all possible doubt. The prosecution's proof must exclude all reasonable doubt concerning the extraneous crime or bad act.
>
> Therefore, if you find and believe beyond a reasonable doubt that the Defendant committed an extraneous crime or bad act . . . , then you may consider such evidence in assessing the Defendant's punishment. However, if you have a reasonable doubt that the Defendant committed an extraneous crime or bad act . . . , then you may not consider such evidence in assessing punishment.

Therefore, the record does not support appellant's complaint that the trial court erred by omitting an explanation of the application of the reasonable doubt standard to the extraneous offenses that were presented to the jury.

Although not expressly articulated in his brief, appellant might be complaining about other requested language that the trial court did exclude from the jury charge. After the parties rested, before the submission of the case to the jury, the court asked whether the parties had reviewed the proposed charge. Appellant's counsel expressed her belief that the charge should have told the jury

4

that the State had to "prove each and every element" of the extraneous offenses it had presented, including that appellant was a party to the shooting or was aware of it. Over appellant's objection, the trial court declined to include the following paragraph, which would have explained whether appellant could be criminally responsible for another person's conduct (because there was more than one person involved in the shooting):

> Each party to an offense may be charged with the commission of the offense. A person is criminally responsible for an offense committed by the conduct of another if acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids or attempts to aid the other person to commit the offense. Mere presence alone will not constitute one a party to an offense.[5]

This instruction would have correctly stated the law. *See* Tex. Penal Code Ann. § 7.02(a)(2) (Vernon 2003). However, the instruction was not necessary because the jury's task was not to determine whether appellant could be convicted for extraneous acts under the law of parties but to decide whether the extraneous, bad acts were attributable to him. *See Haley v. State*, 173 S.W.3d 510, 515 (Tex. Crim. App. 2005) ("We interpret [article 37.07] to require the burden of proof to be applied to a defendant's involvement in the act itself, instead of the elements of a crime necessary for a finding of guilt."). In other

---

[5]The charge stated, however, that a "person is criminally responsible as a party to an offense if the offense is attributable to his own conduct, by the conduct of another for which he is criminally responsible, or by both." This instruction accurately states the law (albeit incompletely with regard to defining criminal responsibility), and appellant did not object to it. *See* Tex. Penal Code Ann. § 7.01(a) (Vernon 2003).

words, "the statutorily imposed burden of proof beyond a reasonable doubt does not require the offering party to necessarily prove that the act was a criminal act or that the defendant committed a crime." *Id.*; *see Spence v. State*, 795 S.W.2d 743, 759 (Tex. Crim. App. 1990) (explaining that there is "no requirement in our law that all of the statutory elements of an offense must be proven before a prior unadjudicated extraneous offense may be admitted at the punishment phase"), *cert. denied*, 499 U.S. 932 (1991); *Hanson v. State*, 269 S.W.3d 130, 133–34 (Tex. App.—Amarillo 2008, no pet.) ("When an extraneous bad act is admitted for consideration during the punishment phase, the jury is not required to assess whether a statutory crime occurred; rather, its obligation is to determine, beyond a reasonable doubt, whether that appellant was involved in the bad act being offered as evidence"); *Malpica v. State*, 108 S.W.3d 374, 378 (Tex. App.—Tyler 2003, pet. ref'd); *Taylor v. State*, 970 S.W.2d 98, 101 (Tex. App.—Fort Worth 1998, pet. ref'd) ("[T]here is no requirement that the jury be instructed that it can only find the commission of an extraneous offense if the State proves each and every element beyond a reasonable doubt."). Because the jury was not required to decide whether appellant could be convicted of the shooting under the law of parties to consider whether the shooting was attributable to him beyond a reasonable doubt, we hold that the trial court did not err by excluding the criminal responsibility paragraph quoted above. *See Haley*, 173 S.W.3d at 515.

For these reasons, we overrule appellant's only point.

## Conclusion

Having overruled appellant's only point, we affirm the trial court's judgment.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 3, 2011