

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NOS. 02-09-00441-CR
02-09-00442-CR**

DEDRICK D. THOMAS, JR.                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

A jury convicted Appellant Dedrick D. Thomas, Jr. of two counts of aggravated robbery and assessed punishment at twelve and fifteen years' imprisonment and a $1,000 fine for each count. Appellant contends in a single point that the trial court reversibly erred by refusing to submit a jury instruction on

---

[1]See Tex. R. App. P. 47.4.

the lesser-included offense of robbery by threat in both cases. We affirm.

## II. Factual and Procedural Background[2]

On a Sunday afternoon in 2008, Appellant and another male entered a MetroPCS store under the pretext of reactivating a wireless phone. The men appeared to change their minds and wanted a new phone instead, so the clerk had them complete the required start-of-service form. When the clerk walked to the back of the store, Appellant followed and pointed a gun at her. While the other man took the money from the cash register, Appellant ordered the clerk onto the ground, pressing the gun to the clerk's head. The clerk called the police after the men fled the scene.

Five days later, Appellant entered a different MetroPCS store under the pretext of purchasing a wireless phone as a gift. Appellant began to complete the start-of-service paperwork while the clerk helped Appellant's accomplice, who was pretending to be a customer. Appellant requested a different face plate for the new phone, but when the clerk returned with the face plate, Appellant pointed a gun at the clerk and threatened to shoot him if he did not comply. After the men fled, taking merchandise and money, the clerk called the police.

Appellant eventually became a suspect in both robberies. A search of Appellant's room in his mother's house produced the clothes that Appellant wore

---

[2]Because Appellant does not contest the sufficiency of the evidence to support his conviction, we set out only so much of the evidence as required to address Appellant's point.

in the first robbery, but police never found a gun or ammunition.  Appellant was indicted on two separate charges of aggravated robbery with the use or exhibition of a deadly weapon, and he was convicted of both charges.[3]  *See* Tex. Penal Code Ann. § 29.03(a)(2) (Vernon 2003).  The jury assessed punishment at twelve and fifteen years' confinement for the two cases and a $1,000 fine in each case, and the trial court sentenced Appellant accordingly.  This appeal followed.

### III.  Discussion

In his sole point, Appellant argues that the trial court erred by refusing to submit an instruction on the lesser-included offense of robbery by threat in both cases.  He contends that the complainants' testimony admitting their lack of experience with handguns was evidence that "Appellant could have been guilty only of two robbery by threat offenses."

### A.  Applicable Law

We use a two-step process to determine whether a jury should be instructed on a lesser-included offense.  *Hall v. State*, 225 S.W.3d 524, 528 (Tex. Crim. App. 2007).  First, the requested charge must satisfy the requirements of a lesser-included offense as defined by article 37.09 of the Texas Code of Criminal Procedure.  *Id.*  "An offense is a lesser included offense if . . . it is established by proof of the same or less than all the facts required to establish the commission of the offense charged."  Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon 2006).

---

[3]The trial court granted the State's motion to join the two cases.

Second, there must be evidence in the record that would permit a rational jury to find that if the defendant is guilty, he is guilty only of the lesser offense. *Hall*, 225 S.W.3d at 528; *Salinas v. State*, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005). To make this determination, we review all evidence presented at trial, but we do not consider "the credibility of the evidence and whether it conflicts with other evidence or is controverted." *Banda v. State*, 890 S.W.2d 42, 60 (Tex. Crim. App. 1994), *cert. denied*, 515 U.S. 1105 (1995) (citing *Marras v. State*, 741 S.W.2d 395, 405 (Tex. Crim. App. 1987), *overruled on other grounds by Garrett v. State*, 851 S.W.2d 853, 860 (Tex. Crim. App. 1993)); *see Bignall v. State*, 887 S.W.2d 21, 24 (Tex. Crim. App. 1994). There must be evidence "affirmatively negating the element present in the greater offense but absent in the lesser" offense, and "it is not enough to simply rely on the State's failure to prove the particular element." *Hanson v. State*, 269 S.W.3d 130, 133 (Tex. App.—Amarillo 2008, no pet.). "In this step of the analysis, anything more than a scintilla of evidence may be sufficient to entitle a defendant to [an instruction on] a lesser charge." *Hall*, 225 S.W.3d at 536. Thus, the issue in this case is "whether *any* evidence exists in the record that would permit a rational jury to find that [Appellant] is guilty only of [robbery by threat]." *Bignall*, 887 S.W.2d at 23.

## B. Analysis

The State concedes that robbery by threat is a lesser-included offense of aggravated robbery under the circumstances of this case. Therefore, Appellant was entitled to submission of the lesser-included offense if there was affirmative

4

evidence in the record establishing that Appellant did not use or exhibit a deadly weapon.  *See Hall*, 225 S.W.3d at 536.

To support his contention that evidence existed in the record allowing a jury to conclude he was guilty only of robbery by threat, Appellant points to the testimony of the two complainants.  On cross-examination, both complainants admitted that they lack experience with handguns and were unfamiliar with various models and their weight.  Appellant's counsel intimated though questions directed to the complainants that the gun could have been a toy, but each complainant affirmatively testified that they believed Appellant exhibited a real gun.

In *Wilhoit v. State*, the court of criminal appeals held that Wilhoit was not entitled to an instruction on a lesser-included offense even though the investigating officer testified that the victim told him that she "most likely" thought Wilhoit brandished a "toy type gun" when committing aggravated rape.  *See* 638 S.W.2d 489, 499 (Tex. Crim. App. 1982).  Specifically, the court held that the officer's concession was "more in the nature of impeachment than direct substantive evidence that [the victim] truly believed the pistol was a toy gun."  *Id.*

The San Antonio Court of Appeals also addressed a similar factual scenario in *Covarrubias v. State*, No. 04-96-00921-CR, 1998 WL 204911, at *2–3 (Tex. App.—San Antonio Apr. 28, 1998, pet. ref'd) (not designated for publication).  There, the court held that Covarrubias was not entitled to an instruction on robbery because the fact that he was arrested with a toy gun in his

waistband did not negate the use of a deadly weapon in the charged offense. *Id.* at *2–3; *see also In re L.J.*, No. 04-05-00771-CV, 2006 WL 1895466, at *2 (Tex. App.—San Antonio July 12, 2006, pet. ref'd) (mem. op., not designated for publication) (holding appellant not entitled to instruction on lesser offense because a witness testified that assailant had a gun, appellant did not testify at trial, and no evidence existed in the record to suggest the gun used in the robbery was not real); *Tijerina v. State*, No. 04-01-00526-CR, 2003 WL 183686, at *1–2 (Tex. App.—San Antonio Jan. 29, 2003, no pet.) (mem. op., not designated for publication) (holding appellant not entitled to lesser-included offense instruction because two witnesses testified that assailant had a gun, appellant did not testify at trial, and there was no evidence to suggest the gun used in the charged offense was not real). While the complainant in *Covarrubias* admitted that she was not familiar with guns, she testified that she thought the gun was real, and the court concluded there was no evidence disputing that the gun was a deadly weapon. *Covarrubias*, 1998 WL 204911, at *3; *see Wilhoit*, 638 S.W.2d at 499 (holding witness's concession about possibility that toy gun used was impeachment evidence rather than direct, substantive evidence that the pistol was a toy); *Hosea v. State*, No. 14-08-00337-CV, 2009 WL 6338617, at *3 (Tex. App.—Houston [14th Dist.] Oct. 6, 2009, pet. ref'd) (mem. op., not designated for publication) (stating witness's acknowledgment on cross-examination that the gun could have been a toy only operated as impeachment evidence concerning the witness's credibility); *Briscoe v. State*, No. 14-89-00713-

6

CR, 1990 WL 79845, at *1 (Tex. App.—Houston [14th Dist.] June 14, 1990, pet. ref'd) (not designated for publication) (stating that rather than establishing that a firearm was *not* used, the evidence only showed that the witness could not tell if the gun was real).

Here, Appellant has similarly failed to point to evidence affirmatively negating the deadly weapon element of aggravated robbery. The complainants' testimony that they each lacked experience with handguns is not evidence that Appellant did not use a firearm in the robberies. *See Hosea*, 2009 WL 6338617, at *3 (stating that a witness's acknowledgment that gun could have been a toy was not direct, substantive evidence that a gun was not involved) (citing *Wilhoit*, 638 S.W.2d at 499). Instead of direct evidence negating the use of a deadly weapon, the complainants' testimony merely served as impeachment evidence concerning their credibility. *See Wilhoit*, 638 S.W.2d at 499. Indeed, both complainants affirmatively testified that they believed Appellant had used a real gun during the offense. There is no other evidence in the record suggesting that the gun was not real, which is required to establish robbery by threat as a valid, rational alternative to aggravated robbery. *See L.J.*, 2006 WL 1895466, at *2. Thus, Appellant has failed to show that there is affirmative evidence in the record permitting a rational jury to find him guilty of robbery by threat and not guilty of aggravated robbery, and we hold that the trial court did not err by refusing to charge the jury on robbery by threat. We therefore overrule Appellant's sole point.

7

## IV. Conclusion

Having overruled Appellant's sole point, we affirm the trial court's judgments.

ANNE GARDNER
JUSTICE

PANEL: GARDNER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 12, 2011