02-09-441 & 442-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NOS.  02-09-00441-CR

           02-09-00442-CR

 

 


 
 
 Dedrick D. Thomas, Jr.
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 213th
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

I.  Introduction

          A
jury convicted Appellant Dedrick D. Thomas, Jr. of two counts of aggravated
robbery and assessed punishment at twelve and fifteen years’ imprisonment and a
$1,000 fine for each count.  Appellant contends in a single point that the
trial court reversibly erred by refusing to submit a jury instruction on the lesser-included
offense of robbery by threat in both cases.  We affirm.

II. 
Factual and Procedural Background[2]

          On a
Sunday afternoon in 2008, Appellant and another male entered a MetroPCS store
under the pretext of reactivating a wireless phone.  The men appeared to change
their minds and wanted a new phone instead, so the clerk had them complete the
required start-of-service form.  When the clerk walked to the back of the
store, Appellant followed and pointed a gun at her.  While the other man took
the money from the cash register, Appellant ordered the clerk onto the ground,
pressing the gun to the clerk’s head.  The clerk called the police after the
men fled the scene. 

          Five
days later, Appellant entered a different MetroPCS store under the pretext of
purchasing a wireless phone as a gift.  Appellant began to complete the
start-of-service paperwork while the clerk helped Appellant’s accomplice, who
was pretending to be a customer.  Appellant requested a different face plate
for the new phone, but when the clerk returned with the face plate, Appellant
pointed a gun at the clerk and threatened to shoot him if he did not comply. 
After the men fled, taking merchandise and money, the clerk called the police. 

          Appellant
eventually became a suspect in both robberies.  A search of Appellant’s room in
his mother’s house produced the clothes that Appellant wore in the first
robbery, but police never found a gun or ammunition.  Appellant was indicted on
two separate charges of aggravated robbery with the use or exhibition of a
deadly weapon, and he was convicted of both charges.[3] 
See Tex. Penal Code Ann. § 29.03(a)(2) (Vernon 2003).  The jury
assessed punishment at twelve and fifteen years’ confinement for the two cases
and a $1,000 fine in each case, and the trial court sentenced Appellant
accordingly.  This appeal followed.

III. 
Discussion

          In
his sole point, Appellant argues that the trial court erred by refusing to
submit an instruction on the lesser-included offense of robbery by threat in
both cases.  He contends that the complainants’ testimony admitting their lack
of experience with handguns was evidence that “Appellant could have been guilty
only of two robbery by threat offenses.”

A.  Applicable Law

          We
use a two-step process to determine whether a jury should be instructed on a lesser-included
offense.  Hall v. State, 225 S.W.3d 524, 528 (Tex. Crim. App. 2007). 
First, the requested charge must satisfy the requirements of a lesser-included
offense as defined by article 37.09 of the Texas Code of Criminal
Procedure.  Id.  “An offense is a lesser included offense if . . . it is
established by proof of the same or less than all the facts required to
establish the commission of the offense charged.”  Tex. Code Crim. Proc. Ann.
art. 37.09 (Vernon 2006).

          Second,
there must be evidence in the record that would permit a rational jury to find
that if the defendant is guilty, he is guilty only of the lesser offense.  Hall,
225 S.W.3d at 528; Salinas v. State, 163 S.W.3d 734, 741 (Tex. Crim.
App. 2005).  To make this determination, we review all evidence presented at
trial, but we do not consider “the credibility of the evidence and whether it
conflicts with other evidence or is controverted.”  Banda v. State,
890 S.W.2d 42, 60 (Tex. Crim. App. 1994), cert. denied, 515 U.S. 1105
(1995) (citing Marras v. State, 741 S.W.2d 395, 405 (Tex. Crim. App.
1987), overruled on other grounds by Garrett v. State, 851 S.W.2d 853,
860 (Tex. Crim. App. 1993)); see Bignall v. State, 887 S.W.2d 21, 24
(Tex. Crim. App. 1994).  There must be evidence “affirmatively negating the
element present in the greater offense but absent in the lesser” offense, and
“it is not enough to simply rely on the State’s failure to prove the particular
element.”  Hanson v. State, 269 S.W.3d 130, 133 (Tex. App.—Amarillo
2008, no pet.).  “In this step of the analysis, anything more than a scintilla
of evidence may be sufficient to entitle a defendant to [an instruction on] a
lesser charge.”  Hall, 225 S.W.3d at 536.  Thus, the issue in this case is
“whether any evidence exists in the record that would permit a rational
jury to find that [Appellant] is guilty only of [robbery by threat].”  Bignall,
887 S.W.2d at 23.

B.  Analysis

          The
State concedes that robbery by threat is a lesser-included offense of
aggravated robbery under the circumstances of this case.  Therefore, Appellant
was entitled to submission of the lesser-included offense if there was
affirmative evidence in the record establishing that Appellant did not use or
exhibit a deadly weapon.  See Hall, 225 S.W.3d at 536.  

          To
support his contention that evidence existed in the record allowing a jury to
conclude he was guilty only of robbery by threat, Appellant points to the
testimony of the two complainants.  On cross-examination, both complainants
admitted that they lack experience with handguns and were unfamiliar with
various models and their weight.  Appellant’s counsel intimated though questions
directed to the complainants that the gun could have been a toy, but each
complainant affirmatively testified that they believed Appellant exhibited a
real gun.

          In
Wilhoit v. State, the court of criminal appeals held that Wilhoit was
not entitled to an instruction on a lesser-included offense even though the
investigating officer testified that the victim told him that she “most likely”
thought Wilhoit brandished a “toy type gun” when committing aggravated rape.  See
638 S.W.2d 489, 499 (Tex. Crim. App. 1982).  Specifically, the court held that
the officer’s concession was “more in the nature of impeachment than direct
substantive evidence that [the victim] truly believed the pistol was a toy
gun.”  Id.

          The
San Antonio Court of Appeals also addressed a similar factual scenario in Covarrubias
v. State, No. 04-96-00921-CR, 1998 WL 204911, at *2–3 (Tex. App.—San
Antonio Apr. 28, 1998, pet. ref’d) (not designated for publication).  There,
the court held that Covarrubias was not entitled to an instruction on robbery
because the fact that he was arrested with a toy gun in his waistband did not
negate the use of a deadly weapon in the charged offense.  Id. at *2–3; see
also In re L.J., No. 04-05-00771-CV, 2006 WL 1895466, at *2 (Tex. App.—San
Antonio July 12, 2006, pet. ref’d) (mem. op., not designated for publication)
(holding appellant not entitled to instruction on lesser offense because a
witness testified that assailant had a gun, appellant did not testify at trial,
and no evidence existed in the record to suggest the gun used in the robbery
was not real); Tijerina v. State, No. 04-01-00526-CR, 2003 WL 183686, at
*1–2 (Tex. App.—San Antonio Jan. 29, 2003, no pet.) (mem. op., not designated
for publication) (holding appellant not entitled to lesser-included offense
instruction because two witnesses testified that assailant had a gun, appellant
did not testify at trial, and there was no evidence to suggest the gun used in
the charged offense was not real).  While the complainant in Covarrubias admitted
that she was not familiar with guns, she testified that she thought the gun was
real, and the court concluded there was no evidence disputing that the gun was
a deadly weapon.  Covarrubias, 1998 WL 204911, at *3; see 
Wilhoit, 638 S.W.2d at 499 (holding witness’s concession about possibility
that toy gun used was impeachment evidence rather than direct, substantive
evidence that the pistol was a toy); Hosea v. State, No.
14-08-00337-CV,  2009 WL 6338617, at *3 (Tex. App.—Houston [14th Dist.] Oct. 6,
2009, pet. ref’d) (mem. op., not designated for publication) (stating witness’s
acknowledgment on cross-examination that the gun could have been a toy only
operated as impeachment evidence concerning the witness’s credibility); Briscoe
v. State, No. 14-89-00713-CR, 1990 WL 79845, at *1 (Tex. App.—Houston [14th
Dist.] June 14, 1990, pet. ref’d) (not designated for publication) (stating
that rather than establishing that a firearm was not used, the evidence
only showed that the witness could not tell if the gun was real).

          Here,
Appellant has similarly failed to point to evidence affirmatively negating the
deadly weapon element of aggravated robbery.  The complainants’ testimony that
they each lacked experience with handguns is not evidence that Appellant did not
use a firearm in the robberies.  See Hosea, 2009 WL 6338617, at *3
(stating that a witness’s acknowledgment that gun could have been a toy was not
direct, substantive evidence that a gun was not involved) (citing Wilhoit,
638 S.W.2d at 499).  Instead of direct evidence negating the use of a deadly
weapon, the complainants’ testimony merely served as impeachment evidence
concerning their credibility.  See Wilhoit, 638 S.W.2d at 499.  Indeed,
both complainants affirmatively testified that they believed Appellant had used
a real gun during the offense.  There is no other evidence in the record
suggesting that the gun was not real, which is required to establish robbery by
threat as a valid, rational alternative to aggravated robbery.  See L.J.,
2006 WL 1895466, at *2.  Thus, Appellant has failed to show that there is
affirmative evidence in the record permitting a rational jury to find him
guilty of robbery by threat and not guilty of aggravated robbery, and we hold
that the trial court did not err by refusing to charge the jury on robbery by
threat.  We therefore overrule Appellant’s sole point.

IV. 
Conclusion

          Having
overruled Appellant’s sole point, we affirm the trial court’s judgments.

 

ANNE GARDNER
JUSTICE



PANEL: 
GARDNER,
MEIER, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  May 12, 2011









[1]See Tex. R. App. P. 47.4.





[2]Because Appellant does not
contest the sufficiency of the evidence to support his conviction, we set out
only so much of the evidence as required to address Appellant’s point.





[3]The trial court granted
the State’s motion to join the two cases.