

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00073-CR

_____

CURTIS CHARLES REICHLE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 1423783

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

After a jury convicted Curtis Charles Reichle of indecency with C.O., a child, by sexual contact, Reichle elected to submit the issue of punishment to the trial court. He entered a plea of "true" to the State's enhancement allegation and was sentenced to life imprisonment. On appeal, Reichle argues (1) that the State's notice of intent to introduce extraneous offenses during guilt/innocence pursuant to Article 38.37 of the Texas Code of Criminal Procedure was deficient, (2) that the trial court erred in allowing the introduction of extraneous-offense evidence during guilt/innocence, (3) that the trial court erred in failing to include a separate application paragraph in the jury charge that would require the jury to enter a finding on each extraneous offense, (4) that the trial court erroneously restricted voir dire on punishment issues, (5) that the trial court erred by refusing his requests for medical testing of possible alternative suspects, and (6) that the trial court erred in denying his motion for continuance. We find that the State's notice of extraneous offenses was sufficient, that the trial court did not abuse its discretion in applying Article 38.37 to allow for the introduction of the extraneous-offense evidence, and that the jury charge included an application paragraph with respect to the extraneous offenses. We also find that voir dire was properly restricted to the issues the jury would decide and that there was no abuse of discretion in either the denial of medical testing of nonparties to the litigation or the denial of the motion for continuance. Accordingly, we affirm the trial court's judgment.

## I.     The Article 38.37 Notice of Intent to Introduce Evidence of Extraneous Offenses Was Sufficient

Article 38.37 of the Texas Code of Criminal Procedure, titled "Evidence of extraneous offenses or acts," contains a rule of evidence applicable to certain types of sexual abuse cases,

including this one. TEX. CODE CRIM. PROC. ANN. art. 38.37 (West Supp. 2014). In 2013, Sections 2 and 2-a were added to Article 38.37 to "allow evidence that a person had committed certain previous criminal offenses with any child victim to be admitted into trials for certain offenses with child victims." House Comm. on Criminal Procedure Reform. Select, Bill Analysis, Tex. H.B. 330, 83d Leg., R.S. (2013); *see* Senate Comm. on Criminal Justice, Bill Analysis, Tex. S.B. 12, 83d Leg., R.S. (2013); Act of May 17, 2013, 83d Leg., R.S., ch. 387, § 1, secs. 2, 2-a, 2013 Tex. Sess. Law Serv. 1168, 1169 (West) (effective Sept. 1, 2013). Specifically, the relevant portions of Article 38.37 state,

Sec. 2. (a) Subsection (b) applies only to the trial of a defendant for:

(1) an offense under any of the following provisions of the Penal Code:
. . . .

(C) Section 21.11 (Indecency With a Child);

. . . .

(b) Notwithstanding Rules 404 and 405, Texas Rules of Evidence, and subject to Section 2-a, evidence that the defendant has committed a separate offense described by Subsection (a)(1) . . . may be admitted in the trial of an alleged offense described by Subsection (a)(1) . . . for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant.

Sec. 2-a. Before evidence described by Section 2 may be introduced, the trial judge must:

(1) determine that the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt; and

(2) conduct a hearing out of the presence of the jury for that purpose.

3

TEX. CODE CRIM. PROC. ANN. art. 38.37, §§ 2, 2-a. Section 3 of Article 38.37 requires the State to "give the defendant notice of the state's intent to introduce in the case in chief evidence described by Section . . . 2 not later than the 30th day before the date of the defendant's trial." TEX. CODE CRIM. PROC. ANN. art. 38.37, § 3.

The State's notice of intent to introduce extraneous offenses pursuant to Article 38.37 was given to Reichle on March 7, 2014, thirty-one days before his April 7, 2014 trial.[1] In its written notice, the State expressed its intention to offer evidence that Reichle had previously intentionally or knowingly committed the offenses of indecency with a child by contact (1) against his son on or about November 10, 2001, (2) against Jane Doe[2] on or about August 1, 2002,[3] and (3) against his daughter.

Reichle argues that the State's notice was deficient because it did not include the county in which the alleged acts of indecency occurred. In making this argument, Reichle relies on Article 37.07, Section 3, titled "Evidence of prior criminal record in all criminal cases after a finding of guilty." TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3 (West Supp. 2014). Section 3(g) of Article 37.07 states,

> On timely request of the defendant, notice of intent to introduce evidence under this article shall be given in the same manner required by Rule 404(b),[4] Texas Rules of Evidence. If the attorney representing the state intends to introduce an

---

[1]Reichle concedes that the State's notice was timely.

[2]A pseudonym used to protect the identity of the victim.

[3]The State also gave notice that it intended to offer evidence that Reichle intentionally or knowingly committed the offense of aggravated sexual assault against Jane Doe, a child. However, the trial court made no 38.37 ruling on the aggravated assault.

[4]The State correctly points out that under Article 38.37, evidence is admissible notwithstanding Rule 404.

extraneous crime or bad act that has not resulted in a final conviction in a court of record or a probated or suspended sentence, notice of that intent is reasonable only if the notice includes the date on which and the county in which the alleged crime or bad act occurred and the name of the alleged victim of the crime or bad act.

TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(g).

We find that Reichle's reliance on Section 3 of Article 37.07, which governs the procedure for admissibly of evidence at punishment, not guilt/innocence, is misplaced. *See Jaubert v. State*, 74 S.W.3d 1, 3 (Tex. Crim. App. 2002) (citing *Washington v. State*, 943 S.W.2d 501, 503–04 (Tex. App.—Fort Worth 1997, pet. ref'd)); *Huizar v. State*, 12 S.W.3d 479, 483–84 (Tex. Crim. App. 2000). Unlike Article 37.07, Article 38.37 does not require the State's notice to include the county in which the alleged crime or bad act occurred, presumably because the trial court is required to conduct a hearing under Article 38.37 where the details of the alleged extraneous offenses will be revealed to the defendant. *Compare* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3 *with* TEX. CODE CRIM. PROC. ANN. art. 38.37, § 3.

We find that the Article 37.07, Section 3(g) notice requirements do not apply to notices of intent to introduce extraneous offenses under Article 38.37 since Article 38.37 sets forth its own rules of notice and procedure with respect to extraneous-offense evidence to be introduced at the guilt/innocence phase of trial. We further find that the State's timely written notice complied with the notice requirements of Article 38.37, Section 3. Consequently, we overrule Reichle's first point of error.[5]

---

[5]In any event, failure to comply with Article 37.07 does not render extraneous-offense evidence per se inadmissible. *Roethel v. State*, 80 S.W.3d 276, 282 (Tex. App.—Austin 2002, no pet.). Unlike the Rules of Evidence, "[t]he notice requirement found in section 3(g) . . . does not relate to the substantive admissibility of the evidence." *Id*. Rather, because the "purpose of the notice requirement is to enable the defendant to prepare to meet extraneous

5

**II.    There Was No Abuse of Discretion in Admitting the Article 38.37 Evidence**

In his second point of error, Reichle argues that the trial court erred in allowing the admission of Article 38.37 extraneous-offense evidence.  A trial court's ruling on the admissibility of extraneous offenses is reviewed under an abuse of discretion standard.  *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011); *see Cameron v. State*, 241 S.W.3d 15, 19 (Tex. Crim. App. 2007).  "A trial court does not abuse its discretion if the decision to admit evidence is within the 'zone of reasonable disagreement.'"  *Marsh v. State*, 343 S.W.3d 475, 478 (Tex. App.—Texarkana 2011, pet. ref'd) (quoting *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g)).  "If the trial court's decision on the admission of evidence is supported by the record, there is no abuse of discretion, and the trial court will not be reversed."  *Id*. (citing *Osbourn v. State*, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002); *Montgomery*, 810 S.W.2d at 379).  Where there has been no abuse of discretion, we will not substitute our own decision for that of the trial court. *Id*. (citing *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003)).

The State sought to introduce evidence that Reichle had committed the extraneous offenses of indecency with a child with his son, his daughter, and Jane Doe.  At the Article 38.37 hearing, the State introduced the indictment and plea papers wherein Reichle pled guilty to indecency with Jane Doe, and the resulting order of deferred adjudication community

offense evidence," a deficiency in the notice is analyzed on how it affected a defendant's ability to prepare for the evidence.  *Id*.; *see Andrews v. State*, 429 S.W.3d 849, 860 (Tex. App.—Texarkana 2014, pet. ref'd); *James v. State*, 47 S.W.3d 710, 713 (Tex. App.—Texarkana 2001, no pet.).  Here, Reichle's victims testified in detail about the abuse they suffered at Reichle's hands during the Article 38.37 hearing and were subjected to his cross-examination.  Consequently, Reichle does not claim on appeal that he was surprised by their testimony at trial or that the omission of the county in which the abuse occurred impaired his ability to prepare for their testimony at trial.

supervision. Next, his son and daughter both testified that Reichle touched their genital areas in a sexual manner when they were children.

Specifically, the son testified that when he was approximately nine or ten years of age, he "physically had to put [his] mouth on [Reichle's] genital area" and that there were other instances where "[Reichle] would either perform oral sex or [anally] penetrate" him. According to the son, Reichle apologized "for the things that he had done to me or us when we was [sic] kids."

The daughter testified that at a time when she was twelve or thirteen years old, Reichle touched her vagina on a regular basis for a period of eighteen to twenty-four months while she was living at home with both Reichle and Reichle's son. She testified, Reichle "pulled me back to the bedroom and made me touch myself, and he also was touching me." The daughter added, "He did everything but have sex with me. His mouth on my breast, his mouth on down there. He -- he shaved me. He's made me touch him. He's fingered me. Basically everything that -- everything but penetrate me. . . . He performed oral sex on me multiple times." The daughter also recalled receiving an apology from Reichle for the sexual abuse he inflicted on her.

After the hearing, the trial court found that the evidence likely to be admitted at trial, if believed, would be adequate to support a finding by the jury that Reichle had committed the extraneous offenses of indecency with a child. On appeal, Reichle argues that the evidence is insufficient because there was no evidence of (1) the county in which the offenses occurred, or (2) Reichle's *mens rea* at the time the offenses were committed.

7

The trial judge's responsibility at an Article 38.37 hearing is to determine whether "the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt." TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2-a. Under Section 21.11 of the Texas Penal Code,

> (a)    A person commits an offense if, with a child younger than 17 years of age, whether the child is of the same or opposite sex, the person:
>
>> (1)    engages in sexual contact with the child or causes the child to engage in sexual contact . . .
>
> . . . .
>
> (c)    In this section, "sexual contact" means the following acts, if committed with the intent to arouse or gratify the sexual desire of any person:
>
>> (1)    any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child; or
>>
>> (2)    any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person.

TEX. PENAL CODE ANN. § 21.11 (West 2011).

The county in which the offense occurred is not an element of the offense of indecency with a child under Section 21.11 of the Texas Penal Code. Rather, proof of the county in which an offense occurred is a jurisdictional requirement for the prosecution of an offense. Here, the State did not seek to prosecute Reichle for the extraneous offenses and, as discussed previously, was not required to give notice of the county in which the offenses occurred under Article 38.37. Thus, for purposes of proving an extraneous offense under Article 38.37, there was no requirement that the State prove the county in which the extraneous offense occurred. *See Burke*

8

*v. State*, 371 S.W.3d 252, 257 (Tex. App.—Houston [1st Dist.] 2011, pet. dism'd, untimely filed); *see also Malpica v. State*, 108 S.W.3d 374, 378 (Tex. App.—Tyler 2003, pet. ref'd) (citing *Stevenson v. State*, 963 S.W.2d 801 (Tex. App.—Fort Worth 1998, pet. ref'd)).

In light of the evidence presented at the hearing, Reichle challenges only the *mens rea* element of the offense of indecency with a child by contact. The offense of indecency by contact requires a finding that the offensive contact was committed voluntarily with the specific intent to arouse or gratify the defendant's sexual desire. *See* TEX. PENAL CODE ANN. § 21.11(c). "Intent may be inferred from acts, words[,] and conduct of accused." *Hernandez v. State*, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991); *Scott v. State*, 202 S.W.3d 405, 408 (Tex. App.—Texarkana 2006, pet. ref'd). "An oral expression of intent is not required," and "[t]he conduct alone is sufficient to infer intent." *Underwood v. State*, 176 S.W.3d 635, 639 (Tex. App.—El Paso 2005, pet. ref'd); *see Scott*, 202 S.W.3d at 408.

With respect to Jane Doe, Reichle's judicial confession to the State's indictment would support a jury's finding that he intentionally and knowingly committed the offense of indecency with a child by contact in that case. With respect to Reichle's son and daughter, the trial court could find that their testimony of Reichle's repeated acts of sexual abuse against them and his later apologies to both in which he acknowledged his wrongdoing would support a rational jury's determination that the acts were committed knowingly with intent to gratify Reichle's sexual desire. In light of the Article 38.37 hearing, we cannot say that the trial court abused its discretion in finding that the evidence likely to be admitted at trial would be adequate to support a finding by the jury that the defendant intentionally and knowingly committed the three separate

9

offenses of indecency with a child against Reichle's son, his daughter, and Jane Doe beyond a reasonable doubt.[6]  Accordingly, we overrule Reichle's second point of error.

## III.    There Is No Error in the Jury Charge

The trial court's jury charge was separated into several categories, including "General Principles" and "Instructions of the Court," which included a section labeled "Application of Law to Facts."   In its jury charge, the trial court set forth the elements of the offense of indecency with a child by contact and submitted the following to the jury under the General Principles section:

**Evidence of Wrongful Acts Possibly Committed by Defendant**

During the trial, you heard evidence of more incidents of indecency with a child connected with [Reichle's son] and [Reichle's daughter] when they were under seventeen years of age and that the Defendant pleaded guilty in 2003 to the offense of indecency with a child concerning his wife's niece [Jane Doe] whereupon he was granted deferred adjudication community supervision.  You are not to consider this evidence at all unless you find, beyond a reasonable doubt, that the defendant did, in fact, commit the wrongful acts.  Those of you who believe the defendant committed one or more of the wrongful acts described in this paragraph may consider the evidence.  If you consider it, you may consider it for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant.

If you do find that the defendant committed any of the wrongful acts described above, you may consider this evidence only for the limited purposes I have described.  To consider this evidence for any other purpose would be improper.

---

[6]We note that Reichle does not contend that the evidence actually introduced at trial was insufficient to prove the extraneous offenses beyond a reasonable doubt.

10

Reichle concedes that this instruction[7] was correct and that he did not object to the trial court's charge. However, on appeal, he argues that the jury charge should have contained an application paragraph for each of the extraneous offenses under the "Application of Law to Facts" section.

Our review of alleged jury charge error involves a two-step process. *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994); *see Sakil v. State*, 287 S.W.3d 23, 25–26 (Tex. Crim. App. 2009); *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). Initially, we determine whether an error occurred, and then "determine whether sufficient harm resulted from the error to require reversal." *Abdnor*, 871 S.W.2d at 731–32; *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g), *reaff'd by Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003).

The purpose of the application paragraph is to apply the relevant law, definitions found in the abstract, and general legal principles to the particular facts of the case. *Vasquez v. State*, 389 S.W.3d 361, 366 (Tex. Crim. App. 2012) (citing *Gray v. State*, 152 S.W.3d 125, 127–28 (Tex. Crim. App. 2004)). Here, while it is true that the trial court's "Application of Law to Facts" section addressed only the State's allegation that Reichle committed indecency with C.O. and omitted any reference to the extraneous-offense instruction, we find that the Article 38.37 instruction in the "General Principles" section was, in fact, an additional application paragraph. The instruction applied the requirements of Article 38.37 to the specific facts of the case.

---

[7]We presume the jury obeyed this instruction. *See Resendiz v. State*, 112 S.W.3d 541, 546 (Tex. Crim. App. 2003).

Because we find that the court's charge did contain an application paragraph on the extraneous offenses, we find no error in the jury charge.[8] We overrule Reichle's third point of error.

## IV.     Voir Dire Limitation Was Proper

Section 12.42(c)(2) of the Texas Penal Code provides, under certain conditions undisputedly applicable here, for the assessment of an automatic life sentence for someone who is convicted of a sexual offense if he has previously been convicted of or pled guilty to a sexual offense. TEX. PENAL CODE ANN. § 12.42(c)(2), (g) (West Supp. 2014). Even though Reichle elected for the trial court to assess punishment, he asked to voir dire the jury on the range of punishment and his previous plea of guilty to the offense of indecency with a child involving Jane Doe.

Reichle argues first that he was not allowed to adequately voir dire the jury on the range of punishment.[9] His argument is without merit since the trial court allowed Reichle to voir dire the jury by making the following inquiry:

> If you're on the jury and if you find the defendant guilty, then depending on the facts shown, the defendant could get anywhere from 2 to 20 years or could get life. But if you're on the jury, you're not deciding punishment. You're just deciding guilt or innocence, whether or not the State proved the case beyond a reasonable doubt.
>
> So if you're on a jury, the defendant could get nothing, the defendant could get anywhere between 2 to 20 years, the defendant could get life in prison. Knowing that -- knowing that, does that change anybody's mind about whether or not they could sit on this kind of jury, this kind of allegation?

---

[8]Reichle has not cited authority on point demonstrating that any further instruction or charge was required to be submitted to the jury.

[9]"In a bifurcated trial, punishment is not part of the law applicable at the guilt/innocence stage of trial." *Jackson v. State*, 285 S.W.3d 181, 183 (Tex. App.—Texarkana 2009, no pet.).

Further, the trial court also reminded the panel, "If a finding of guilty as indicted is returned and certain additional facts are proved beyond a reasonable doubt, a case such as the one to be tried this week could be subject to a mandatory life sentence."

Next, Reichle argues that the trial court erred by restricting voir dire "with regard to the factual circumstances surrounding application of the automatic life [sentence]." The trial court allowed the use of hypothetical discussion of the enhancement and other Article 38.37 extraneous offenses. Specifically, the trial court stated,

> THE COURT: You guys can get -- here's the deal. The best way to do that is to -- if you want to do it in terms of hypotheticals is that you pick something that is not this type of case. DWI, aggravated assault with a deadly weapon, something like that. But you don't get into this type of case because you're asking them about those types of 38.37 -- now, the 38.37, of course, deals specifically with child sex offenses.

The trial court limited the discussion of the specific facts of the extraneous offenses because "getting into the fact that . . . he pled guilty to a similar offense . . . run[s] the risk of poisoning the jury pool." In response to the trial court's concern, the following discussion ensued,

> [BY THE DEFENDANT]: And I understand the Court's concern that the panel may be busted. That's not what we're attempting to do. . . .
>
> But what we do feel is that we need to be able to flesh out the jury's opinions and impressions and feelings and whether or not they would be able to properly follow the law, or is all this 38.37 notice -- all this 38.37 facts of prior sex issues and then a new sex offense that they all have to prove beyond a reasonable -- is all that going to be piled -- going to be too much for them to say, no, I'm stopping right here, I've heard that -- [10]
>
> THE COURT: Well, I'm going to be very careful that I may sua sponte stop you regardless of what -- you guys may be on the same page, and I'm not on the same page. So in terms of 38.37, because it is so overly broad, you know, if

---

[10]The jury panel was informed several times that the case involved a sexual offense with a child.

somebody said, well, gosh, if I hear about these other things, you know, I might be more inclined to find him guilty, that's what 38.37 does. That's exactly what it does.

. . . .

Let me tell you what my ruling is going to be with respect to what you can do in terms of punishment. If certain facts are alleged, which we're not going into, then -- but the mere knowledge that if certain facts were proved -- I should say, alleged and proved, this could result in a mandatory life sentence. Is there anybody -- so that you can ferret that out. We're not going to get any more specific than that. That's the Court's ruling on that.

. . . .

[BY THE DEFENDANT]: Yes, Your Honor. We respectfully object and say that -- that it's violating our right to properly voir dire the panel.

In spite of its ruling, out of an abundance of caution, the trial court questioned the panel on this matter, as established in the following excerpt:

THE COURT: . . . . While it is improper to even consider or discuss punishment scenarios in the first phase of the trial, the guilty-or-not-guilty phase, is there anyone who believes they would have trouble with or be incapable of setting aside the possibility of a possible mandatory life sentence when considering whether the State has proved their case beyond a reasonable doubt?

Now, what I mean by that is, I might have trouble reaching a decision if I knew that my decision could result in a mandatory life sentence. I wouldn't want that weighing on me. Is there anybody here -- remember, you're to restrict your deliberations to whether or not the State has proved the defendant guilty or not guilty.

But in the back of your mind, there are occasionally some people who would say, boy, if I found them guilty, he might get a mandatory life sentence. Is there anybody here -- we have -- and that's Mr. Elliott. Thank you, Mr. Elliott.

Anybody else on the front row have trouble coming -- even if they believe that the State otherwise proved the case beyond a reasonable doubt, they just don't think they could make that decision if they believed -- they wouldn't know

14

at that point, but if they believed that that could result in a mandatory life sentence?

That's the decision that the Court would make if the State proves certain facts. And it's up to them. They must prove it beyond a reasonable doubt.

Reichle argues that his counsel "was correctly concerned with the effect a prior guilty plea would have on the jury and wished to voir dire on that topic to ensure that Appellant would be convicted, if at all, on the facts of this case as opposed to being convicted for his propensity conduct." However, as the trial court properly pointed out to Reichle, Article 38.37 would allow the jury to consider the extraneous offenses "for any bearing the evidence ha[d] on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." *See* TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(b).

"The trial court may impose reasonable restrictions on . . . voir dire examination." *Thompson v. State*, 267 S.W.3d 514, 517 (Tex. App.—Austin 2008, pet. ref'd) (citing *Boyd v. State*, 811 S.W.2d 105, 115 (Tex. Crim. App. 1991)). "'We review the trial court's decision to limit voir dire under an abuse of discretion.'" *Hill v. State*, 426 S.W.3d 868, 874 (Tex. App.—Eastland 2014, pet. ref'd) (quoting *Thompson*, 267 S.W.3d at 517). "'The trial court abuses its discretion when it limits a proper question concerning a proper area of inquiry.'" *Thompson*, 267 S.W.3d at 517 (quoting *Dinkins v. State*, 894 S.W.2d 330, 345 (Tex. Crim. App. 1995)).

Reichle also argues that he should have been able to discuss the specific facts of the enhancement and the other Article 38.37 extraneous offenses. However, Reichle cites no authority standing for the specific proposition that the trial court's limitation with respect to the specific facts of the extraneous offenses in this case would amount to an abuse of discretion.

15

Texas courts allow parties to voir dire "the jury venire about the law applicable to the enhancement of punishment as long as the explanation is hypothetical and does not inform the jury of any specific allegation in the enhancement paragraph of the indictment." *Hanson v. State*, 269 S.W.3d 130, 134 (Tex. App.—Amarillo 2008, no pet.) (citing *Jack v. State*, 867 S.W.2d 942, 944 (Tex. App.—Beaumont 1993, no pet.)); *see Barnett v. State*, 344 S.W.3d 6, 20 (Tex. App.—Texarkana 2011, pet. ref'd) (informing jury panel of specific allegations of enhancement is improper). The use of hypotheticals during voir dire is meant to avoid "commit[ting] the [prospective] jurors to particular circumstances." *Atkins v. State*, 951 S.W.2d 787, 789 (Tex. Crim. App. 1997); *see Cuevas v. State*, 742 S.W.2d 331, 336 n.6 (Tex. Crim. App. 1987). By seeking to inform the jury of the specific facts of the State's enhancement allegation and the other Article 38.37 extraneous offenses, Reichle was seeking a commitment from the panel that they would not be influenced by the facts of the extraneous offenses, even though Article 38.37 specifically allows the jury to be so influenced. In this circumstance, we find no abuse of discretion in the trial court's limitation of the presentation of specific facts of the enhancement and other extraneous offenses during voir dire. Consequently, we overrule Reichle's forth point of error.

## V.    Reichle Was Not Entitled To Compel Medical Examination of Nonparties

Reichle believed that the State would seek to prove his guilt by alleging that he transmitted genital herpes to C.O. He filed motions for medical examinations of C.O.'s biological mother, Stephanie O'Connor-Bathe, C.O.'s joint managing conservator, and his own son and daughter. After a hearing, in which the State argued that it had no duty to create

16

evidence by compelling nonparties to submit to medical testing, the trial court denied these motions. Reichle argues that this ruling was in error.

We review the trial court's rulings on motions for pretrial discovery for an abuse of discretion. *See State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). Discovery in criminal cases has historically been limited. *See Washington v. State*, 856 S.W.2d 184, 187 (Tex. Crim. App. 1993) (per curiam). Chapter 39 of the Texas Code of Criminal Procedure governs discovery in criminal cases. TEX. CODE CRIM. PROC. ANN. arts. 39.01–.15 (West 2005 & Supp. 2014). Reichle admits, "There is no provision in [Chapter] 39 governing medical examinations requested by a party that may be relevant in the criminal case." However, he points to Article 39.04, which states,

> The rules prescribed in civil cases for issuance of commissions, subpoenaing witnesses, taking the depositions of witnesses and all other formalities governing depositions shall, as to the manner and form of taking and returning the same and other formalities to the taking of the same, govern in criminal actions, when not in conflict with this Code.

TEX. CODE CRIM. PROC. ANN. art. 39.04.

Based on Article 39.04, Reichle argues that Rule 204 of the Texas Rules of Civil Procedure governs this issue and permits his requested medical examinations. We disagree. Rule 204 states that a party may compel another party to submit to physical and mental examination. TEX. R. CIV. P. 204. However, nothing in Rule 204 compels a nonparty to be subjected to a medical examination. Thus, we find that the trial court did not abuse its discretion in denying Reichle's motions, which essentially seek to compel O'Conner-Bathe, and Reichle's son and daughter to submit to medical examinations. We overrule Reichle's fifth point of error.

17

**VI.    There Was No Abuse of Discretion in the Trial Court's Denial of A Continuance**

Reichle subpoenaed all records from the Texas Department of Family and Protective Services (Department) pertaining to C.O., O'Conner-Bathe, and Reichle's son.  On February 14, 2014, the Department and Reichle filed an agreed motion for in-camera inspection of the confidential records so that the trial court could determine whether they should be produced to Reichle.  On March 28, 2014, Reichle filed a motion for continuance of the April 7, 2014, trial setting because the documents had not yet been provided to him.  However, the joint motion for in-camera inspection of the records was not set for hearing until April 3, 2014.  On that date, the trial court examined the documents in camera and required the Department's records to be turned over to Riechle, who received them on the same day.

The Department's documentation consisted of approximately 250 pages.  On April 4, 2014, the Friday before trial at 4:08 p.m., Reichle filed a second motion for continuance, arguing that as of that date, counsel had not had sufficient time to review the Department's records.[11]  On April 7, the day of trial, the second motion for continuance was denied. In denying a continuance, the trial court noted that Reichle had been sitting in jail since July 2013 and that counsel had plenty of time to urge his motions and obtain the requested discovery.

On appeal, Reichle argues that the trial court erred in denying his request for continuance since the Department's documents were produced only four days before trial.  "We review a trial court's ruling on a motion for continuance for abuse of discretion."  *Gallo v. State*, 239 S.W.3d

---

[11]Reichle also argued that he had not been provided with all of the records, "such as psychiatric reports, drug tests, [and] counseling records," but he failed to establish that the Department was in possession of any other documents responsive to Reichle's requests.

18

757, 764 (Tex. Crim. App. 2007) (citing *Janecka v. State*, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996) (per curiam)).  To reverse a case stemming from a trial court's denial of a motion to continue, an appellant must demonstrate that the denial was error and that it resulted in harm. *Gonzales v. State*, 304 S.W.3d 838, 843 (Tex. Crim. App. 2010).  First, we must decide if the trial court erred in denying the motion to continue and, if so, we will consider whether such error was harmful.  *Id*.  Diligence is a precondition for a continuance based upon the need for additional trial preparation.  *Id.*

Reichle's counsel had four days, including a weekend, to review approximately 250 pages of documentation.  Reichle's April 4 motion swore that his counsel had not had sufficient time to review the Department's records as of that date and requested "sufficient time to review all requested documents."  The written motion did not suggest how much time was required to review the Department's records and did not otherwise swear that the remaining time until trial was inadequate to review the records.  In arguing the motion for continuance, counsel merely stated, "And we reviewed those -- those records.  We don't feel like we've had sufficient time to review the records that were provided to us . . . ."

Counsel's statement to the court suggested that he did, in fact, review the records, but that he wanted additional time to digest them.[12]  In light of (1) counsel's statement that he had "reviewe[d] those . . . records" and (2) the fact that he did not explain his lack of diligence in pursuing the motion for in-camera inspection earlier, we cannot say that the trial court abused its

---

[12]Prior to opening statements, Reichle's counsel demonstrated that he had reviewed the Department's records.

discretion in overruling counsel's motion for continuance.  Accordingly, we overrule Reichle's

last point of error.

**VII.    Conclusion**

We affirm the trial court's judgment.


Bailey C. Moseley
Justice

Date Submitted:     January 12, 2015
Date Decided:       January 30, 2015

Do Not Publish